**Irving N. LEVINE, Appellant,**

v.

**LOMA CORPORATION and Lancaster Colony Corporation, Appellees.**

No. 2–83–043–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 8, 1983.

McLean, Sanders, Price, Head & Ellis and Kenneth L. McAlister, Fort Worth, for appellant.

Coke & Coke and Barry F. McNeil, Dallas, for appellees.

Before JORDAN, BURDOCK and HILL, JJ.

## OPINION

JORDAN, Justice.

Appellant filed suit in the trial court against appellees alleging an oral contract between the parties under which appellant, who for many years prior to July 1, 1980, had been president of Loma Corporation, would be hired as a consultant by appellees and paid the sum of $2000.00 per month until he reached the age of sixty-five (65), and $1000.00 a month thereafter for the remainder of his life. He also sued in the alternative on common law fraud.

Appellees urged the Statute of Frauds as a defense to both the contract and fraud actions, asserting that the contract, under the Statute, must have been in writing to be enforceable and that the action for fraud was nothing more than a reassertion of the contract action.

The trial court granted appellees' motion for summary judgment.

We affirm.

Appellee, Lancaster Colony Corporation, manufactures a wide variety of consumer products through corporate divisions and wholly owned subsidiaries, one of which is appellee Loma Corporation. Appellant Levine, referred to for the sake of brevity as "Levine," was president of Loma from the time it was acquired by Lancaster Colony Corporation in 1971 until June 30, 1980. On June 29, 1980, John Gerlach, President of Lancaster Colony Corporation, the parent corporation, having become dissatisfied with Loma's financial record and with Levine's personal performance, met with Levine in Dallas and terminated his services as president of Loma Corporation. Levine

was replaced by a new president on July 1, 1980.

Levine contends in his suit against the two corporations that at the June 29, 1980 meeting at which he was terminated, Gerlach promised, on behalf of Lancaster Colony Corporation, to hire Levine as a consultant, paying him $2000.00 per month until he became sixty-five (65) years of age, and then $1000.00 per month for the rest of his life. Levine also alleged that in addition to the monetary compensation, Gerlach promised him the Lincoln Continental company car which Levine had been using, and that Lancaster Colony would continue paying for life and health insurance for Levine and his wife.

Gerlach and the appellees deny any such agreement with Levine. Gerlach, instead, testified by deposition that he told Levine that he and Lancaster Colony would like to have Levine available for consulting services if the new Loma president desired such services, in return for which they would pay him a reasonable amount for his time and out-of-pocket expenses.

Levine alleged in his suit that Gerlach promised to put the alleged oral agreement for the payment of lifetime salary in writing, soon after their June 29, 1980 meeting, but the agreement was never reduced to writing. Appellees rely on the Statute of Frauds as a defense to Levine's action.

· In his first point of error appellant contends that there was summary judgment evidence that Gerlach, acting for the appellees, promised to reduce the oral agreement to writing and that the appellees are therefore estopped from denying the enforceability of the oral agreement under the Statute of Frauds.

The alleged oral agreement was an employment contract which could not be performed within one year. TEX.BUS. & COMM.CODE ANN. sec. 26.01 (Vernon Supp.1982–1983) provides that "an agreement which is not to be performed within one year from the date of making the agreement" is not enforceable, unless the promise is "in writing and signed by the person to be charged with the promise or agreement ...."

■ There is no question that the oral agreement here is unenforceable because of the Statute of Frauds unless, as Levine argues, the doctrine of promissory estoppel is applicable. Before the equitable doctrine of promissory estoppel may be applied, the one relying thereon (in this case Levine) to avoid the consequences of the Statute of Frauds, must show first, that there was a promise to put the oral agreement into writing, and second, that the party seeking enforcement of the oral contract relied on the promise to put the agreement in writing to his detriment. Put another way, the promise to put the oral agreement in writing must have been made by one party specifically to induce action or forebearance by the other party, and the second party must have relied on the promise in taking the action or forebearance. See "Moore" Burger, Inc. v. Phillips Petroleum Company, 492 S.W.2d 934 (Tex.1972); Cooper Petroleum Co. v. LaGloria Oil and Gas Co., 436 S.W.2d 889 (Tex.1969); Wheeler v. White, 398 S.W.2d 93 (Tex.1965).

In "Moore" Burger, Inc., supra, the City of Austin had leased a tract of land to Moore Burger, which had built a restaurant on the property and had conducted business there for years. As the lease was about to expire, the City decided to sell the property at public auction. Moore Burger, intending to buy the land, was told by a Mr. Craus that if Moore Burger would refrain from bidding on the land, Craus would purchase the land and lease it to them for ten years. A lease between Craus and Moore Burger was negotiated and written up, with Craus promising to sign the lease once he purchased the property. Craus' promise to sign the lease was made for the specific purpose of inducing Moore Burger not to bid. Craus bought the property, then refused to sign the lease and instead sold it to Phillips Petroleum. The Supreme Court held that those facts rendered the doctrine of promissory estoppel applicable so as to preclude summary judgment.

In *Cooper Petroleum, supra,* the defendant promised to sign a guaranty (as he had in the past) if the plaintiff (LaGloria) would sell petroleum products to a third party, I.M.I. LaGloria sold the products in reliance on the defendant's promise to sign the guaranty, but the defendant later refused to sign the guaranty. The Supreme Court, invoking the doctrine of promissory estoppel, said:

> The promise in this instance was given for the purpose of inducing and it did induce LaGloria to continue making sales on credit to I.M.I. On the present record it is clear that injustice can be avoided only by enforcing the promise.

In the case before us, Levine has totally failed to introduce any summary judgment proof to the effect that he relied on Gerlach's alleged promise to put the employment agreement into writing. He testified in his deposition that he had business cards printed, incurred medical expenses between June 30 and August 1, 1980, and "declined certain employment" which would have conflicted with his position as consultant for appellees. However, he did not allege or prove that he had the business cards printed or incurred the medical expenses in reliance on Gerlach's promise to reduce the alleged agreement to writing. With respect to "declining certain employment", it is clear from his deposition testimony in the record that he did not decline any specific offers of employment because he did not look or ask for any.

There is simply no evidence that Levine relied on any promise to reduce the agreement to writing, and accordingly, his theory that appellees are estopped to rely on the Statute of Frauds must fail. Appellant's first point of error is overruled.

Appellant next urges, in his second point of error, that under the summary judgment evidence, the enforcement of the Statute of Frauds would constitute a fraud on Levine. While his argument is somewhat vague, appellant seems to be saying that because Gerlach admitted that at the June 29, 1980 meeting that he asked Levine to be available as a consultant to appellees and also agreed that Levine was to be given the Lincoln Continental company car he had been using, that Gerlach has admitted that he had hired Levine as a consultant and then later changed his mind and refused to put it in writing. We do not think any such inference can be attributed to what the record shows Gerlach said on this occasion. In his deposition, Gerlach related that he told Levine they were not happy with the operation of Loma Corporation and couldn't continue under the present leadership, then said he told Levine:

> "We would like to have him available for Tom Hunsche (the new president of Loma) for consulting services if Tom wanted those services. If we used those services, we would be glad to pay him for whatever time he spent and whatever expenses he had on those services, but other than that things were terminated as of that day."

That was the only evidence of this nature in the record and we do not think it indicates any fraud on Levine. Moreover, even assuming that Gerlach had offered to hire Levine as a consultant only to later change his mind, the oral contract would still be voidable under the Statute of Frauds. *See Fisher v. Wilson,* 185 S.W.2d 186 (Tex.Civ. App.—Dallas 1944) *aff'd* 144 Tex. 53, 188 S.W.2d 150 (1945).

Appellant contends that the Statute of Frauds will not be applied to work a fraud on a party to an oral contract and cites cases to support this proposition. We do not quarrel with that general statement of law, but point out that in each of the cases cited by appellant, the party attempting to invoke the Statute of Frauds had enjoyed the benefits of the oral contract which he was then seeking to void. We do not have that situation here. *If* Gerlach had promised a consulting contract, and *if* Levine had performed consulting work, and *if* appellees had enjoyed the benefits of the consulting work, then appellees would be unable to invoke the Statute of Frauds.

Appellant's second point of error is overruled.

In points of error three and four Levine says that the granting of summary judgment was improper because there were genuine issues of material fact raised with respect to his cause of action based on fraud. Appellees' response to these two points of error is twofold: first, appellant's fraud theory is but a restatement or reassertion of his cause of action based on breach of contract, and, secondly, even if appellant did plead a cause of action for fraud, there was no summary judgment evidence of all of the elements of common law fraud. We agree with both of these propositions for the reasons hereinafter stated.

■ Levine's basic theory in both causes of action asserted, contract and fraud, is that he was promised employment but did not receive it. This is simply a cause of action for breach of contract. Nowhere in his petition or in his response to appellees' motion for summary judgment does Levine claim that the alleged promise of future employment was made by Gerlach with the intent at that time not to perform. Similarly, there is nothing in Levine's deposition to this effect.

Levine does not claim that some fact was misrepresented to him by Gerlach; nor does he say that Gerlach actually lied to him. Instead, he maintains that Gerlach promised him employment along certain lines and then did not keep his promise.

The courts in Texas have often rejected attempts to make fraud cases out of simple actions for breach of contract. *See e.g. Precision Motors v. Cornish,* 413 S.W.2d 752 (Tex.Civ.App.—Dallas 1967, writ ref'd n.r. e.); *Billy Baker Mobile Homes, Inc., v. Foster,* 390 S.W.2d 385 (Tex.Civ.App.—Austin 1965, no writ); *Rawdon v. Garvie,* 227 S.W.2d 261 (Tex.Civ.App.—Dallas 1950, no writ). In *Reynolds v. Steves,* 356 S.W.2d 200 (Tex.Civ.App.—San Antonio 1962, no writ), the court said in part: *"For a promise to do something in the future to constitute actionable fraud, it is necessary that the promise be made with the intent at the time that it would not be performed, and with intent, design, and purpose of deceiving."*

(Emphasis added.) *See Precision Motors v. Cornish, supra,* for a similar statement.

We agree with appellees' contention that the appellant's asserted action for fraud is, in effect, nothing but his action for breach of contract revisited.

■ Assuming arguendo that under the summary judgment proof here, a cause of action for fraud could be asserted, we think the proof shows as a matter of law that appellant has no cause of action for fraud in this case. For common law fraud to exist the following elements must be shown: (1) a material representation was made; (2) it was false; (3) when the speaker made it he knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) he made it with the intention that it should be acted upon by the party; (5) the party acted in reliance upon it; (6) he thereby suffered injury. *Stone v. Lawyers Title Ins. Corp.,* 554 S.W.2d 183 (Tex.1977).

We hold the summary judgment proof in this case shows as a matter of law that there was neither allegation nor proof that Gerlach's promise, whatever it was, was made with the intent not to perform it. As previously stated, Levine does not allege in his petition that the alleged promise was made with the intent not to perform, and in his deposition he did not accuse Gerlach of making promises with the intention at that time of not performing them. To the contrary, Levine virtually admits that Gerlach was sincere in the June 29, 1980 meeting. In his deposition he stated with regard to that conversation: "I think he (Gerlach) was very fair and I think we understood each other fairly well. As a matter of fact, we even planned a luncheon two days later."

■ The closest appellant gets to any evidence of intent on the part of Gerlach not to perform his alleged employment offer to Levine is the following statement taken from Levine's affidavit filed with his response to appellees' motion for summary judgment:

"Although at the time I felt that Mr. Gerlach was sincere and I believed him, I have since come to believe that he was concocting a story to relieve his anguish at having to conduct a change of management and that he had no intent of carrying it through at the time."

This affidavit statement is nothing but Levine's opinion or conclusion, formed after the fact, as to what was in Gerlach's mind. It is certainly no evidence of any intent on the part of Gerlach not to perform any promise made at the time it was made.

We hold that the summary judgment proof shows as a matter of law that one of the necessary elements of common law fraud, the lack of intent to perform promise at the time it was made, is completely lacking. We therefore overrule points of error three and four.

The judgment is affirmed.