James H. COBB, Appellant,

v.

**WEST TEXAS MICROWAVE COMPANY, et al., Appellees.**

No. 14423.

Court of Appeals of Texas, Austin.

Oct. 9, 1985.

Rehearing Denied Dec. 18, 1985.

Don W. Griffis, Griffis, Griffis, Whiteside & Woodward, San Angelo, for appellant.

Thomas W. George, George & George, Austin, for West Texas Microwave Co.

Roy B. Longacre, Wagstaff, Alvis, Stubbeman, Seamster & Longacre, Abilene, for Western Union Telegraph Co.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

SHANNON, Chief Justice.

Appellant James H. Cobb sued appellees West Texas Microwave Company and Western Union Telegraph Company in the district court of Tom Green County for breach of an oral lease agreement. The district court rendered summary judgment that Cobb take nothing. This Court will reverse the judgment.

Cobb claimed that in August 1983, appellees orally agreed to lease a floor of the Twohig Building in San Angelo. The lease was for a term of years. Cobb asserted that he renovated the office space for appellees' use at a cost of $312,237.00. Appellees finally chose to locate quarters in the Cactus Hotel rather than in the Twohig Building.

Appellees filed motions for summary judgment predicated upon the Statute of Frauds, contending that if there were a lease agreement, it was oral and unenforceable. Cobb asserted the plea of promissory estoppel in an effort to avoid the Statute of Frauds. The district court rendered summary judgment that Cobb take nothing.

Cobb claims that the district court erred in rendering summary judgment because there is a genuine issue of material fact regarding whether the doctrine of promissory estoppel removes the contract from the Statute of Frauds. This Court agrees.

Appellees' summary judgment proof establishes, as a matter of law, that Cobb's suit is barred by the Statute of Frauds. This is so since the agreement was oral and was one to lease real estate for a number of years. Accordingly, the burden was on Cobb, if he wished to avoid summary judgment, to come forward with summary judgment proof raising a fact issue concerning his promissory estoppel defense to the Statute of Frauds. *"Moore" Burger, Inc. v. Phillips Petroleum Company*, 492 S.W.2d 934 (Tex.1973); *Nichols v. Smith*, 507 S.W.2d 518 (Tex.1974).

■ The doctrine of promissory estoppel in suits involving realty has been recognized and enforced in this state. An oral promise to sign an instrument complying with the Statute of Frauds will be enforced provided the promisor should have expected that his promise would lead the promisee to some definite and substantial injury, provided such an injury occurred, and provided the promise must be enforced to avoid injustice. *Nagle v. Nagle*, 633 S.W.2d 796 (Tex.1982); *"Moore" Burger, Inc. v. Phillips Petroleum Company*, *supra*.

The parties join issue on the element of promissory estoppel that requires a promise to sign an instrument complying with the Statute of Frauds. Cobb insists that he produced some summary judgment proof of appellees' promise to sign such an instrument. Appellees urge the contrary.

■ Viewing the summary judgment "evidence" in the light most favorable to the party opposing the motion, *Valley Stockyards v. Kinsel*, 369 S.W.2d 19 (Tex. 1963), this Court concludes that Cobb adduced some summary judgment proof raising a fact issue that appellees promised to sign an instrument complying with the Statute of Frauds. Cobb in the affidavit supporting his response to appellees' motions for summary judgment swore: "I would never have obligated myself on the notes to renovate this building, but for our oral agreement regarding the lease of the space and *the further oral agreement and promise by both of the Defendants, WEST TEXAS MICROWAVE COMPANY and WESTERN UNION TELEGRAPH COMPANY that the oral agreement to lease the space would be reduced to a written lease."* (Emphasis supplied). The credibili-

ty of Cobb's affidavit with respect to appellee Western Union's promise is weakened by his admission on oral deposition that the Western Union official, Wimpfheimer, never promised explicitly to enter into a written lease, but rather such was Cobb's "understanding" of the conversation between them. Nevertheless, the deposition testimony does not destroy, as summary judgment "evidence", Cobb's statement in the affidavit that Western Union's agents made the required promise.

With respect to appellee Microwave, the strongest proof in support of Cobb's thesis that there was a promise to execute a written lease agreement is found in a letter of Microwave's employee, Marie Watson, to Cobb. The letter begins, "This letter will serve as confirmation of your permission for West Texas Microwave Company to enter into a fifteen (15) year lease agreement ..." and near the close, the letter states, "Mr. Batsche [of Microwave] has asked me to express our appreciation for your cooperation in obtaining the leased facilities. We are looking forward to a long and mutually beneficial business association." The closing of Watson's letter seems to suggest a promise to execute a written lease: "All of the above is written with the understanding that we will enter into a mutually agreeable lease arrangement, which you, in your most expedient manner, will execute as soon as possible."

Regarding the other elements of promissory estoppel, Cobb's proof raised fact issues that appellees should have expected that their "promises" would lead Cobb to definite and substantial injury, that such injury occurred, and that the promises must be enforced to avoid injustice. *Nagle v. Nagle, supra.*

In sum, Cobb adduced some proof as to all of the elements of promissory estoppel thereby avoiding summary judgment for appellees predicated on the Statute of Frauds defense.

The judgment is reversed and the cause is remanded to the district court for trial on the merits.