Tom SONNICHSEN, Appellant,

v.

**BAYLOR UNIVERSITY, Appellee.**

No. 10–99–195–CV.

Court of Appeals of Texas, Waco.

April 27, 2001.

LaNelle L. McNamara & McNamara, Waco, for appellant.

Stuart Smith, Naman, Howell, Smith & Lee, P.C., Waco, for appellee.

Before Chief Justice DAVIS, VANCE and GRAY, Justices.

## OPINION

GRAY, Justice.

Tom Sonnichsen was the head coach for the women's volleyball team at Baylor University. When Baylor terminated his employment, Sonnichsen sued the University for breach of contract and fraud. Baylor filed a motion for summary judgment claiming that Sonnichsen's contract and fraud claims were barred by the statute of frauds. *See* TEX. BUS. & COM.CODE ANN. § 26.01 (Vernon 1987). Baylor also argued that summary judgment was appropriate on the contract claim because there was no meeting of the minds as to the terms of the alleged contract. In response to the motion for summary judgment, Sonnichsen amended his original petition to add promissory estoppel as a counter-defense to the statute of frauds. Baylor amended its motion for summary judgment to expand its summary judgment evidence. The trial court granted summary judgment against Sonnichsen on all his asserted claims. Sonnichsen appeals.

### SUMMARY JUDGMENTS

■ A defendant who moves for summary judgment has the burden of establishing as a matter of law that there is no genuine issue of fact as to at least one essential element of the plaintiff's cause of action or conclusively prove each element of an affirmative defense. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex.1996)(citing *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936 (Tex.1972) and *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979)). If the movant's summary judgment evidence establishes an affirmative defense, the bur-

den shifts to the non-movant to produce evidence raising a fact issue concerning any applicable counter-defense, in this case, promissory estoppel. *See id.* at 936–937. We view all evidence favorable to the non-movant as true and indulge every reasonable inference in the non-movant's favor. *Walker*, 924 S.W.2d at 377; *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex.1985). Thus, the non-movant only has to present some evidence of each element of a counter-defense to avoid summary judgment. *See "Moore" Burger*, 492 S.W.2d at 937.

### PROMISSORY ESTOPPEL

■ In his first issue, Sonnichsen argues that the trial court erred in granting summary judgment on his contract claim because his summary judgment evidence raised a material fact issue on the counter-defense of promissory estoppel. Sonnichsen contends he presented evidence that Baylor promised all head coaches two year *written* contracts and that he relied on that promise to his detriment.

Sonnichsen presented summary judgment evidence that representatives of Baylor orally promised two year written contracts to Sonnichsen and other head coaches who currently were employed under one year oral contracts. The statute of frauds provides that an agreement which is not to be performed within one year of its making is not enforceable unless the agreement is in writing and signed. TEX. BUS. & COM.CODE ANN. § 26.10 (Vernon 1987). Neither party disputes that the summary judgment evidence establishes the statute of frauds as a valid affirmative defense in this case. The dispute arises as to whether Sonnichsen then established a fact issue on each element of his counter-defensive plea of promissory estoppel.

Sonnichsen claims that Baylor did not attack the validity of his plea of promissory estoppel. Baylor did not have the burden to negate estoppel because estoppel is a shield, not a sword. *Collins v. Allied Pharmacy Management,* 871 S.W.2d 929, 936 (Tex.App.—Houston [14th Dist.] 1994, no writ). As used in this case, promissory estoppel is a counter-defensive plea. *See "Moore" Burger,* 492 S.W.2d at 936. The doctrine prevents a promisor from denying the enforceability of the promise. *Id.; Trammel Crow Co. No. 60 v. Harkinson,* 944 S.W.2d 631, 636 (Tex. 1997). Thus, in some circumstances, promissory estoppel may be used to bar the application of the statute of frauds and allow enforcement of an otherwise unenforceable oral promise. *See Nagle v. Nagle,* 633 S.W.2d 796, 800 (Tex.1982); *"Moore" Burger,* 492 S.W.2d at 937.

The parties agree that *"Moore" Burger* is the controlling case in this area of law; but disagree as to its application. Baylor contends Sonnichsen has not met his burden under *"Moore" Burger* because the summary judgment evidence is undisputed that no writing existed at the time the promise for a two year contract was made. Sonnichsen argues that no writing was necessary under *"Moore" Burger.* We disagree with Sonnichsen.

In *"Moore" Burger,* a tenant was induced to refrain from bidding on the purchase of property by individuals who promised to lease it to the tenant if they bought the property. The tenant signed an agreement to lease and a lease prior to the sale of the property, but the prospective purchasers did not, though they had promised to do so. Instead, once the promisors bought the property, the promisors/purchasers sold it to a third party who refused to honor the lease. The Court reversed the summary judgment because a fact issue was raised that: (1) the promisor should have expected his promise would lead the promisee to some definite and substantial injury; (2) such an injury occurred; and (3) the court must enforce the promise to avoid the injury. *Nagle v. Nagle,* 633 S.W.2d 796, 800 (Tex.1982); *"Moore" Burger,* 492 S.W.2d at 937.

Sonnichsen interprets *"Moore" Burger* as allowing the enforcement of an oral promise not yet reduced to writing. We believe this interpretation is too broad. The Supreme Court even felt the original opinion could be construed as being too broad and narrowed its holding in the opinion on rehearing. There, the Court noted:

Respondents read the Court's opinion to make any promise enforceable, though within the proscription of the statute of frauds if foreseeable action or forbearance by the promisee meets the requirements of Section 90 of the RESTATEMENT OF CONTRACTS (or fulfills Section 217A of the RESTATEMENT, SECOND, Supp. Tent. Draft No. 4, 1969). This is not the holding. The promise which is determinative here is the promise to sign a written agreement which itself complies with the statute of frauds. No other promise was discussed by the Court . . ., whereas promises to sign were set forth at two points, followed by the recitation that relying on *these promises,* "Moore" Burger did not bid at the sale of the City land. This is the significance of the emphasis upon Section 178, comment f, RESTATEMENT, CONTRACTS, and the citation to *Cooper Petroleum Co. v. La Gloria Oil and Gas Co.,* 436 S.W.2d 889, 896 (Tex.1969), where "the promise was to sign a written guaranty, and a written guaranty would have been enforceable." (emphasis in original).

*"Moore" Burger,* 492 S.W.2d at 940 (op. on reh'g). Both *"Moore" Burger* and *La Glo-*

*ria,* which the *"Moore" Burger* Court cited, involved promises to sign documents already in existence. Those cases did not involve a promise to sign a document that had not been reduced to writing as in Sonnichsen's case.

The Supreme Court reaffirmed *"Moore" Burger's* narrow exception to the statute of frauds ten years later. *See Nagle,* 633 S.W.2d at 800. In *Nagle,* the appellant had scheduled a contempt hearing for her former husband's failure to pay child support. On the morning of the hearing, the appellant proposed to her former husband that she would forgo the contempt proceeding and waive one month's child support if he transferred his one half interest in the family home to the appellant, pay the remaining back child support, and increase his child support payment by the amount of the mortgage on the home. The former husband orally agreed to the proposal and the hearing was canceled. Later the same day, he told the appellant he would not transfer his interest in the house. The Supreme Court affirmed the lower court's holding that promissory estoppel was not applicable. *Id.* There was no finding that the former husband had ever promised to sign an existing instrument complying with the statute of frauds. *Id.*

Three courts of appeals have made statements which could be construed to mean that promissory estoppel can be raised even if the promise to sign a written agreement was made before the agreement was reduced to writing. *See, e.g., Cobb v. West Texas Microwave Co.,* 700 S.W.2d 615 (Tex.App.—Austin 1995, writ ref'd n.r.e.); *EP Operating Co. v. MJC Energy Co.,* 883 S.W.2d 263 (Tex.App.— Corpus Christi 1994, writ denied); *Levine v. Loma Corp.,* 661 S.W.2d 779 (Tex. App.—Fort Worth 1983, no writ). In *EP,* the parties were still negotiating and had not agreed on the material terms of the purported contract. In *Levine,* there was no evidence the party relied on the promise. Thus, in *EP* and *Levine,* the courts' holdings did not turn on the issue of whether a writing which would comply with the statute of frauds was in existence at the time the promise to sign it was made. In *Cobb,* the court determined there was some evidence that each defendant had promised to sign an agreement which complied with the statute of frauds. Thus, even with no writing in existence at the time of the promise to sign the writing, the court applied the promissory estoppel counter-defense and reversed the trial court's application of the statute of frauds.

■ We decline to join the references or holdings of these courts that the writing need not be in existence at the time the promise to sign it is made. The holding from *"Moore" Burger* is clear. To invoke the application of promissory estoppel where there is an oral promise to sign an agreement, the agreement which is the subject of the oral promise must comply with the statute of frauds. That is, the agreement must be in writing at the time the oral promise to sign is made. *See Mann v. NCNB Tex. Nat'l Bank,* 854 S.W.2d 664, 668 (Tex.App.—Dallas 1992, no writ); *see also River St. Dev. I v. Mathis,* No 05–95–01013–CV (Tex.App.— Dallas June 20, 1996, writ denied) (not designated for publication).

The summary judgment evidence does not show that a writing encompassing a two-year contract was in existence at the time the representation was made that all head coaches would receive two year written contracts. Sonnichsen failed to sustain his burden in raising a fact issue regarding his promissory estoppel counter-defense. Thus, the trial court did not err in granting summary judgment on Sonnichsen's

contract claim. Sonnichsen's first issue is overruled.

In his third issue, Sonnichsen contends his summary judgment proof was sufficient to raise a material fact issue as to whether the parties came to a "meeting of the minds" as to the terms of the contract. Because we have overruled Sonnichsen's contract claim, we do not reach this issue.

FRAUD

In his second issue, Sonnichsen questions whether Baylor's statute of fraud defense also defeated, as a matter of law, his cause of action for fraud. In its first amended motion for summary judgment, Baylor stated, "When a plaintiff's fraud claim is based on an alleged oral promise, and the promise itself cannot be established because of the statute of frauds, the fraud is likewise barred by the statute of frauds."

However, the nature of the injury usually determines whether contract or tort duties were breached. *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex.1986); *Webber v. M.W. Kellogg Co.*, 720 S.W.2d 124, 129 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e .). "When the injury is only the economic loss to the subject of the contract itself, the action sounds in contract alone." *Reed*, 711 S.W.2d at 618. Thus, the statute of frauds bars a fraud claim when a plaintiff claims as damages the benefit of the bargain that he would have obtained had the promise been performed. *Carr v. Christie*, 970 S.W.2d 620, 624 (Tex.App.—Austin 1998, writ denied); *Leach v. Conoco*, 892 S.W.2d 954, 960 (Tex.App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.); *Collins v. Allied Pharmacy Management*, 871 S.W.2d 929, 936 (Tex.App.—Houston [14th Dist.] 1994, no writ). If a plaintiff was allowed to recover the benefit of a bargain already barred by the statute of frauds, the statute of frauds would become mean-

ingless. *See Nagle v. Nagle*, 633 S.W.2d 796, 801 (Tex.1982).

Baylor did not file a "no-evidence" summary judgment motion. *See* TEX.R. CIV. P. 166a(i). Under the rules applicable to traditional summary judgment motions, as the defendant moving for summary judgment, Baylor had the burden of establishing as a matter of law that there is no genuine issue of fact as to at least one essential element of the plaintiff's cause of action or conclusively prove each element of an affirmative defense. Baylor chose to assert the statute of frauds defense. It was Baylor's burden to prove that the damages Sonnichsen was seeking for fraud were the same damages sought for breach of contract, *i.e.*, benefit of the bargain. Baylor did not present summary judgment evidence to show that Sonnichsen's claimed damages for fraud were limited to benefit of the bargain. Thus, Baylor did not conclusively prove the affirmative defense of statute of frauds to Sonnichsen's fraud cause of action. Sonnichsen's second issue is sustained.

CONCLUSION

The summary judgment granted to Baylor as to Sonnichsen's contract claim is affirmed. Because we have sustained Sonnichsen's second issue, the summary judgment granted as to Sonnichsen's fraud claim is reversed, severed from the contract claim, and remanded to the trial court for further proceedings consistent with this opinion.