**SITE WORK GROUP, INC. and Richard C. Waller, Appellants,**

v.

**CHEMICAL LIME LTD, Appellee.**

No. 10–05–00081–CV.

Court of Appeals of Texas, Waco.

July 27, 2005.

Rehearing Overruled Sept. 6, 2005.

Andrew Parma, Christian, Smith & Jewell LLP, Houston, for Appellants.

Karen Hart, Bell, Nunnally & Martin LLP, Dallas, for Appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Chemical Lime, Ltd sued Site Work Group, Inc. ("SWG") and its two individual guarantors, Richard Waller and Raymond Smith, on a sworn account.[1] Chemical Lime filed a traditional motion for summary judgment, and the trial court granted the motion. SWG and Waller ("Appellants") appeal, arguing that summary judgment was not proper because they raised a fact issue.

We will affirm the judgment.

## BACKGROUND

SWG was a subcontractor in the construction of a new sanctuary for the Unity Church of Christianity in Houston, Texas (the "Project"). Chemical Lime supplied SWG with lime and related materials for the Project on a credit account. Waller and Smith personally guaranteed all amounts due to Chemical Lime. SWG allegedly notified Chemical Lime on at least two occasions that the Project was tax-exempt. Chemical Lime charged sales tax on the materials it supplied. After demand by Chemical Lime, SWG failed to pay the amounts due to Chemical Lime. Chemical Lime sued SWG for failure to pay the account, breach of contract, and quantum meruit, and it sued Waller and Smith for breach of guaranty. SWG and Waller filed a general and verified denial that each and every item in the statement of the account is not just or true. Chemical Lime's traditional motion for summary judgment was granted.

## SUMMARY JUDGMENT

### Standard of Review

We review the decision to grant or deny a summary-judgment motion *de novo*. *See*

*Rucker v. Bank One Texas, N.A.,* 36 S.W.3d 649, 653 (Tex.App.-Waco 2000, pet. denied). The standards for reviewing a traditional motion for summary judgment are well established. *Nixon v. Mr. Property Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex. 1985). The movant has the burden of showing that no genuine issue of material fact exists and that he is entitled to the summary judgment as a matter of law. *American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997); *Ash v. Hack Branch Distributing Co.,* 54 S.W.3d 401, 413 (Tex. App.-Waco 2001, pet. denied). The reviewing court must accept all evidence favorable to the non-movant as true. *Nixon,* 690 S.W.2d at 549; *Ash,* 54 S.W.3d at 413. Every reasonable inference must be indulged in favor of the non-movant and all doubts resolved in its favor. *American Tobacco,* 951 S.W.2d at 425; *Ash,* 54 S.W.3d at 413. The non-movant need not respond to the motion for summary judgment unless the movant meets its burden of proof. *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 222–23 (Tex.1999). But if the movant meets its burden of proof, the non-movant must present summary-judgment evidence to raise a fact issue. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995).

### Relevant Law

■ A defendant's verified denial of the correctness of a plaintiff's sworn account, in the form required by Rule 185, destroys the evidentiary effect of the itemized account and forces the plaintiff to put on proof of its claim. *Rizk v. Fin. Guardian Ins. Agency, Inc.,* 584 S.W.2d 860, 862 (Tex.1979). The essential elements of a cause of action on an account are (1) a sale

---

1. Smith did not respond to Chemical Lime's summary judgment motion and is not involved in this appeal.

and delivery of the goods; (2) that the amount of the account is just, that is, that the prices are charged in accordance with an agreement or in the absence of an agreement, they are the usual customary and reasonable prices for those goods;[2] and (3) that the amount is unpaid. *Jones v. Ben Maines Air Conditioning, Inc.*, 621 S.W.2d 437, 439 (Tex.App.-Corpus Christi 1981, no writ).

State sales tax is imposed on the sale of each taxable item in Texas. TEX. TAX CODE ANN. § 151.051(a) (Vernon 2002). A taxable item includes tangible personal property. *Id.* § 151.010 (Vernon 2002). All gross receipts of a seller are presumed to be subject to sales tax unless a properly completed resale or exemption certificate is accepted by the seller. *Id.* § 151.054(a) (Vernon 2002). A properly completed resale or exemption certificate should be in the possession of the seller at the time the nontaxable transaction occurs. *Id.* § 151.054(e). A seller who makes a sale subject to sales tax must add the amount of the tax to the sales price, and when the amount of the tax is added, it becomes a part of the sales price. *Id.* § 151.052(a)(1) (Vernon 2002).

### Arguments

Appellants argue that they raised a genuine issue of material fact as to the justness of the amount of the account. They argue that the affidavit by Waller states that he notified Chemical Lime on at least two occasions of the tax-exempt status of the Project; and thus, the amount of the account is unjust because sales tax was charged. Appellants also argue that they were not required to prove the tax-exempt status of the Project by providing a tax-exemption certificate as summary-judgment evidence.

Chemical Lime argues that Appellants failed to present any summary-judgment evidence that anyone ever provided Chemical Lime a tax-exemption certificate.

### Analysis

The burden in this summary judgment proceeding was first on Chemical Lime to show that there were no genuine issues of material fact and that it was entitled to the summary judgment as a matter of law. *See American Tobacco*, 951 S.W.2d at 425; *Ash*, 54 S.W.3d at 413. The affidavit provided by Chemical Lime's credit analyst provides evidence that the sales prices of the materials were reasonable, and the usual and customary prices for such materials. *See Jones*, 621 S.W.2d at 439. Thus, Chemical Lime met its burden to prove that the amount of the account is just.[3] The burden then shifted to Appellants to present summary-judgment evidence to raise a fact issue. *See Siegler*, 899 S.W.2d at 197. To not charge sales tax on Appellants' account, Chemical Lime was required to have an exemption certificate at the time of the transaction. *See* TEX. TAX CODE ANN. § 151.054(a), (e). Appellants' burden was not to prove the tax-exempt status of the Project, but was to present summary-judgment evidence to bring a fact issue relating to whether or not they provided Chemical Lime with a tax-exemption certificate. We find Appellants failed to meet their burden. *See Siegler*, 899 S.W.2d at 197.

We overrule Appellants' issue.

### CONCLUSION

Having overruled Appellants' issue, we affirm the judgment.

Chief Justice GRAY dissenting.

---

**2.** This is the only element at issue in this appeal.

**3.** The amount added for sales tax being required by statute. TEX. TAX CODE ANN. § 151.051(a).

TOM GRAY, Chief Justice, dissenting.

In this summary judgment proceeding, we have to determine whether Chemical Lime as a matter of law proved it was entitled to payment. It did not. When Site Work and Waller asserted the tax exempt status of the buyer, Chemical Lime had to prove, in this traditional motion for summary judgment, that either the buyer was not tax exempt or some other reason that Site Work could not assert a tax exemption.

The issue in this appeal is as old as summary judgment practice. This old issue is what is the burden on the movant. It has frequently been stated that the burden is for the movant to prove it is entitled to judgment as a matter of law. Sounds easy enough. I sympathize with the majority's struggle to apply this seemingly simple rule.

The simple rule begins to get complicated when there are sworn denials of verified accounts, defenses, affirmative defenses, and counter defenses. See Sonnichsen v. Baylor Univ., 47 S.W.3d 122, 124 (Tex. App.-Waco 2001, no pet.).

This seemed like a simple case. Suit on an account. The seller moved for summary judgment. The buyer then filed a verified denial. The buyer also filed a response to the motion for summary judgment asserting that the purchases were exempt from the collection of sales taxes, an item that was included in the invoices, and for which the seller had sued. A proper assertion that the invoice includes an entry for an item not owed defeats the justness of the invoice.

The majority misses the importance of a single word in their opinion. A word that comes directly from the statute; should. A seller should have a completed tax exemption certificate at the time of the sale. TEX. TAX.CODE ANN. § 151.054(e) (Vernon 2002). It is not, however, mandatory. See id.

The statute makes clear that the exemption certificate can be provided by the buyer to the seller long after the sales transaction is complete. The comptroller does not disallow the deduction claimed by the seller unless the certificate is not in the possession of the seller within 60 days from the date the comptroller gives notice to the seller. Id.

If 60 days has not passed after the comptroller has given notice requiring possession of the buyer's tax exemption certificate, the buyer can simply provide the certificate and the seller is not required to collect and remit the sales tax. This suit is not about the preferable practice for collecting the sales taxes. And why the buyer would not have provided the certificate by now escapes reason and logic, but that does not impact the proper analysis of this summary judgment proceeding.

I need not decide today whether tax exempt status is a defense to Chemical Lime's debt collection action, or whether the tax exempt status is an affirmative defense to the debt. If it is only a defense, the non-movant must present some evidence of it because Chemical Lime has otherwise presented its prima facie case. See "Moore" Burger, Inc. v. Phillips Petroleum Co., 492 S.W.2d 934, 936–937 (Tex. 1972); Sonnichsen v. Baylor Univ., 47 S.W.3d 122, 124 (Tex.App.-Waco 2001, no pet.). If it is an affirmative defense, the movant must affirmatively negate at least one element of the affirmative defense before the movant is entitled to judgment as a matter of law. Id. Because the defense was raised and some evidence of the tax exempt status of Site Work was presented, it does not matter if it is merely a defense or if it is an affirmative defense. In either circumstance, Chemical Lime did not

prove itself entitled to judgment as a matter of law.

Because Chemical Lime failed to overcome the defense/affirmative defense of Site Work, Chemical Lime has not shown that it is entitled to collect the full amount for which it has sued. Before it is entitled to collect the full amount, including the sales tax, Chemical Lime must show that Site Work is not tax exempt or has waived its right to assert its tax exempt status by failing to timely provide an exemption certificate.

Accordingly, I would reverse the judgment of the trial court and remand for further proceedings consistent with this opinion. The majority affirms the trial court. Accordingly, I dissent.