United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 22, 2007**

Charles R. Fulbruge III
Clerk

*In the United States Court of Appeals
for the Fifth Circuit*

No. 05-51669
Summary Calendar

SUNSHINE TRADERS OF EL PASO, INC.,

Plaintiff - Appellant – Cross-Appellee,

v.

DOLGENCORP, INC., doing business as Dollar General Corporation, doing business as Dollar General Store,

Defendant - Appellee – Cross-Appellant.

Appeals from the United States District Court
for the Western District of Texas
No. 3:02-CV-439

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

The plaintiff in this case, Sunshine Traders of El Paso (Sunshine), appeals the district court's summary judgment for defendant Dolgencorp on a number of claims. We affirm in part and reverse and remand in part.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dolgencorp contracted with Sunshine to manufacture various styles of jeans to be sold in its Dollar General stores. Following a number of disagreements over the style and color of the jeans, Dolgencorp refused to pay Sunshine for some of the jeans, and Sunshine sued Dolgencorp. The district court granted summary judgment for Dolgencorp on Sunshine's breach of contract claim for invoices 334 and 335 due to a limitations bar, breach of contract claim for boys' jeans due to a statute of frauds defense against an oral contract, and breach of contract claim for men's black jeans due to a limitations bar. Sunshine now appeals.

We review a grant of summary judgment *de novo*, considering all evidence in the light most favorable to the non-moving party.[1] Summary judgment is appropriate when the movant can demonstrate that there is no genuine issue of material fact.[2]

Sunshine first asserts that the district court incorrectly calculated the statute of limitations regarding its claim for invoices 334 and 335. Sunshine argues that it is making an "open account" claim under Texas law and that the statute of limitations should therefore run from the point at which the two parties ceased doing business in June 2000 instead of from the time of the breach in July 1998.[3]

The district court held that the open account statute of limitations was not available in federal court. It held that open accounts are governed by Texas Rule of Civil Procedure 185, which "is not a rule of substantive law but is a rule of procedure stating the evidence

[1] *Willis v. Coca Cola Enters.*, 445 F.3d 413, 416 (5th Cir. 2006).

[2] *Id.*

[3] TEX. CIV. PRAC. & REM. CODE § 16.004.

2

necessary to establish a prima facie right of recovery or defense . . . [and] cannot be the basis for any cause or causes of action."[4] The district court held that Rule 185 is a procedural rule that cannot be applied in federal court under the *Erie* doctrine and that Texas's statute of limitations for open accounts is therefore unavailable as well. The district court granted summary judgment for Dolgencorp because the breach occurred in July 1998, and Sunshine filed suit on August 7, 2002, past the four-year statute of limitations.

Though Rule 185 is a procedural rule and does not apply under *Erie*, open accounts are a common law cause of action in Texas. Texas Civil Practice & Remedies Code § 16.004(c) creates a separate statute of limitations for open accounts and is available under the *Erie* doctrine because it is substantive law.[5] In an open account, the cause of action does not accrue until the parties cease dealing with each other.[6]

Under Texas common law, the plaintiff must establish the following elements for a cause of action on an account: "(1) a sale and delivery of the goods; (2) . . . the amount of the account is just . . . ; and (3) that . . . amount is unpaid."[7] An account is open "when there have been running or current dealings between the parties, and the account is kept open with

---

[4]*Hou-Tex Printers, Inc. v. Marbach*, 862 S.W.2d 188, 190 (Tex. App.—Houston [14th Dist.] 1993, no writ).

[5]*See Facility Ins. Corp. v. Employers Ins. of Wausau*, 357 F.3d 508, 513 (5th Cir. 2004) (applying the open accounts statute of limitations from Texas Civil Practice & Remedies Code § 16.004(c) in a case based on diversity jurisdiction).

[6]TEX. CIV. PRAC. & REM. CODE § 16.004(c).

[7]*Site Work Group, Inc. v. Chemical Lime Ltd*, 171 S.W.3d 512, 513-14 (Tex. App.—Waco 2005, no pet.).

the expectation of further dealings."[8]  This allows for parties with frequent dealings to credit and debit the account without settling it.

Sunshine argues that the account was an open account because Dolgencorp submitted purchase orders that Sunshine subsequently split into separate invoices based on where Dolgencorp required Sunshine to ship the products.  Payment for the invoices was due thirty days after they were issued.  Dolgencorp did not pay invoices separately; rather it submitted payments to Sunshine based on the initial purchase orders, so a number of invoices would be satisfied through a single purchase order payment.  These purchase orders were paid after delivery.  Even after delivery and payment in full, Dolgencorp had the opportunity to "charge back" a portion of the invoiced price if it later determined that the jeans did not meet its specifications.  The charge back was not an automatic debit; instead, Dolgencorp would subtract the amount from a payment on a subsequent purchase order. Sunshine then had the opportunity to present evidence to Dolgencorp that the jeans were within Dolgencorp's specifications.   If Dolgencorp accepted this refutation, it would credit the amount to Sunshine on a future purchase order payment.

Invoices 334 and 335 were initially paid in full, but the disputed portions were charged back due to "incorrect carton info[rmation]."  Dolgencorp subtracted the disputed amount from its next payment to Sunshine on later purchase orders.  Dolgencorp did not accept Sunshine's refutation, and the charged back amount remains unpaid.

---

[8]*Livingston Ford Mercury, Inc. v. Haley*, 997 S.W.2d 425, 427 (Tex. App.—Beaumont 1999, no pet.) (quoting *McCamant v. Batsell*, 59 Tex. 363, 368-69 (1883)).

4

The account between Sunshine and Dolgencorp was an open account because it allowed for crediting and debiting through multiple transactions, extending over a period of time.[9] The account facilitated the on-going business relationship between the two companies by allowing delivery before payment, charge backs for one purchase to be debited from future payments for another purchase order, and the ability to refute the charge backs and have the amount credited in a future payment. Because it is an open account, the statute of limitations did not begin to run until the parties ceased doing business, which was in June 2000.[10] Sunshine filed its original complaint on August 7, 2002, well within the four-year statute of limitations. The district court's summary judgment as to the claims based on invoices 334 and 335 is therefore reversed and remanded.

Sunshine also argues that an oral contract regarding boys' jeans should be enforceable despite the statute of frauds under the "merchant exception" or "specially manufactured goods" exception. The merchant exception allows a writing in confirmation to be used against merchants if it is for the sale of goods, is signed, and specifies a quantity.[11] Because Sunshine fails to show a writing in confirmation and instead presents evidence of on-going negotiations, the merchant exception does not apply.

---

[9]*See Oppenheim v. Hood*, 33 S.W.2d 265, 267 (Tex. Civ. App.—Dallas 1930, writ ref'd) (holding that an account was an open account because it "was composed of debits in favor of appellee company and credits in favor of appellant, extended over quite a period of time, and had not been agreed to by the partied hereto so as to become a stated account").

[10]TEX. CIV. PRAC. & REM. CODE § 16.004(c).

[11]TEX. BUS. & COM. CODE § 2.201(b).

The specially manufactured goods exception allows for enforcement of an oral contract "if the goods are to be specially manufactured for the buyer and are not suitable for sale to others in the ordinary course of the seller's business . . . ."[12] Sunshine was able to sell 72,316 pairs of the jeans in question with minor alterations to remove Dolgencorp's trademark. Thus the specially manufactured goods exception does not apply and the district court properly applied the statute of frauds defense.

Sunshine also argues that its breach of contract claim for men's black jeans should not have been barred by the statute of limitations because the claim should relate back to the filing of Sunshine's original petition. Sunshine was aware of the breach by June 1999, but the claim was not asserted until the amended complaint in November 2003. To relate back to the filing time of a prior petition, the amended petition cannot be "wholly based on a new, distinct, or different transaction or occurrence."[13] Sunshine's original petition only mentions boys' jeans, and the claim for men's black jeans is a distinct claim. Thus the claim in the amended petition does not relate back and is time-barred by the statute of limitations.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

---

[12]*Id.* § 2.201(c).

[13]TEX. CIV. PRAC. & REM. CODE § 16.068.

6