Opinion issued November 5, 2009


















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-08-00890-CV
__________
 
ANDY’S SUNMART #352, INC., HOLCOMBE SUNMART INC., AKA
SUNMART #139, AND ADNAN A. NAJM, INDIVIDUALLY, Appellants
 
V.
 
RELIANT ENERGY RETAIL SERVICES, L.L.C., Appellee
 

 
 
On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 870,671
 

 
 
MEMORANDUM OPINION
          Appellants, Andy’s Sunmart # 352, Inc. (“Sunmart # 352”), Holcombe
Sunmart, Inc., a/k/a Sunmart # 139 (“Sunmart # 139”), and Adnan A. Najm
(collectively referred to herein as the “Sunmarts”), challenge the trial court’s
summary judgment rendered in favor of appellee, Reliant Energy Retail Services,
L.L.C. (“Reliant”), in Reliant’s suit on a sworn account against the Sunmarts. See
Tex. R. Civ. P. 185. In four issues, the Sunmarts contend that the trial court erred in
granting Reliant summary judgment because Reliant’s summary judgment evidence
“failed to overcome” the Sunmarts’ affirmative defenses of statute of frauds and
limitations and did not establish that there was a written contract between the parties,
the price charged was an agreed price or the usual, customary, and reasonable price,
or that electricity was, in fact, delivered to or accepted by the Sunmarts. 
          We reverse and remand. 
Background
          In its petition, Reliant asserted a claim for a suit on sworn accounts and alleged
that it had provided electrical services to Sunmart # 352 and Sunmart # 139, both of
which Najm owned, and that the Sunmarts accepted the services and were bound to
pay the outstanding amounts, which Reliant contended were “reasonable and
customary.” Reliant asserted that Sunmart # 352 owed it $15,689.65 for electrical
services that it had provided and that Sunmart # 139 owed it $3,352.31 for electrical
services that it had provided. Reliant attached to its petition invoices, which it
contended set forth the dates and prices of these services. Reliant also stated a claim
for quantum meruit, alleging that the Sunmarts had received benefits without paying
for them. Reliant further alleged that Najm was individually liable because the
Sunmarts had forfeited their corporate rights to conduct business in Texas during
Reliant’s provision of the electrical services. In sum, Reliant sought as its damages
$19,041.96 for its electrical services. Reliant attached to its petition a final invoice
dated February 5, 2003 for Sunmart # 352 showing an amount due of $15,689.65 and
a final invoice dated October 14, 2003 for Sunmart # 139 showing an amount due of 
$3,352.31.
          The Sunmarts filed verified answers, denying Reliant’s allegations, asserting
that there was a “defect of the parties,” and denying the accounts set forth by Reliant. 
The Sunmarts also asserted in their answers the affirmative defenses of limitations,
statute of frauds, and laches. The Sunmarts attached to their answers affidavits by
Najm, in which he testified that the accounts were “not just and true, or that all just
and lawful offsets, payments, or credits have not been allowed.”
          In its second summary judgment motion, Reliant restated that the Sunmarts
collectively owed Reliant $19,041.96 for electrical services. Reliant attached to its
motion the affidavit of Eda Carol Mena, a Reliant supervisor for credit and collection
and a custodian of records, who testified that the invoices attached to her affidavit
established Reliant’s claims that Sunmart # 352 and Najm owed $15,689.65 and that
Sunmart # 139 and Najm owed $3,352.31 for electrical services that Reliant had
provided. Mena further testified that Reliant had performed all conditions precedent,
all lawful offsets and credits had been applied, and the Sunmarts “were in default
under the terms of the sworn accounts by failing to make one or more payments as
required thereunder.” In addition to the specific invoices substantiating the
outstanding amounts, Mena attached two account summaries reflecting the accounts’
histories, the dates of the debits and credits to the accounts, and the periodic balances
of the accounts. 
          Also within its motion, Reliant argued that Najm, as the sole officer and
director of the Sunmarts, was individually liable for the amounts due because the
Sunmarts had forfeited their right to do business in Texas. Reliant asserted that
Sunmart # 352 “forfeited on March 22, 2002” and Sunmart # 139 “forfeited on
August 30, 2002 to March 19, 2003.” Reliant also asserted that the electrical services
for which it had not been paid “occurred after the dates of forfeiture of the
corporations” and that Najm, as the sole officer and director of the Sunmarts, was
liable. In support of its claim that Najm was individually liable, Reliant attached as
exhibits to its summary judgment motion copies of “notices of forfeiture” bearing the
letterhead from the Texas Secretary of State. The notice pertaining to Sunmart # 352
reflects a tax forfeiture date of March 22, 2002, which precedes the date upon which
Reliant made a demand for any of the outstanding amounts for electrical services
provided by Reliant. The notice pertaining to Sunmart # 139 reflects a tax forfeiture
on August 30, 2002, a reinstatement date of March 19, 2003, and a subsequent tax
forfeiture date of July 7, 2006. Reliant also attached as exhibits to its motion
documents bearing the Texas Secretary of State’s letterhead identifying Najm as the
President, Secretary, Treasurer, and Director of Sunmart # 139 and Sunmart # 352. 
         In their response to Reliant’s summary judgment motion, the Sunmarts
contended that “[a]n invoice is not proof of delivery of goods or services” and argued
that the affidavit, invoices, and account statements were not “competent summary
judgment evidence to establish a debt because this evidence only establishes what
Reliant estimates the charges to be.” The Sunmarts also argued that Reliant was not
entitled to summary judgment on its quantum meruit claim because they had “raised
a fact issue with regard to whether or not these services were actually rendered.” The
Sunmarts asserted that Reliant’s motion did “not overcome [their] verified original
answers” that there was a defect in the parties, the Sunmarts had denied the accounts,
and the Sunmarts were not doing business under the names as alleged in the petition. 
The Sunmarts also asserted that Reliant provided no summary judgment evidence to
“overcome” the affirmative defenses of limitations, statute of frauds, and laches, or
their assertion that any and all charges by Reliant were the responsibility of third
party tenants or that corporate reinstatement precluded Najm’s individual liability. 
The Sunmarts attached to their summary judgment response the affidavits of Najm,
which had been attached to their verified answers. In these affidavits, Najm, on
behalf of all the Sunmarts, testified that the amounts demanded by Reliant were not
“just and true” and that Reliant had not made all “just and lawful offsets, payment or
credits.”
          In a “final judgment,” the trial court granted Reliant’s summary judgment
motion and ordered that Reliant recover $15,689.65 from Sunmart # 352 and Najm
and recover $3,352.31 from Sunmart # 139 and Najm. 
Standard of Review
          To prevail on a summary judgment motion, a movant has the burden of proving
that it is entitled to judgment as a matter of law and that there is no genuine issue of
material fact. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339, 341 (Tex.
1995). A plaintiff moving for summary judgment on its claim must establish its right
to summary judgment by conclusively proving all the elements of its cause of action
as a matter of law. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999);
Anglo-Dutch Petroleum Int’l, Inc. v. Haskell, 193 S.W.3d 87, 95 (Tex.
App.—Houston [1st Dist.] 2006, pet. denied). If the party opposing a summary
judgment relies on an affirmative defense, he must come forward with summary
judgment evidence sufficient to raise an issue of fact on each element of the defense
to avoid summary judgment. Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex.
1984); see also Anglo-Dutch Petroleum Intern., Inc., 193 S.W.3d at 95 (“If a
defendant wishes to assert an affirmative defense to the summary judgment motion,
it must urge the defense in its response and provide enough summary judgment
evidence to create a fact issue on each element of the defense.”). 
Sworn Account 
          In their third issue, the Sunmarts argue that the trial court erred in granting
summary judgment in favor of Reliant on either its sworn account or quantum meruit
claim because Reliant’s summary judgment evidence did not “affirmatively evidence
the delivery of electricity to any of [the Sunmarts] or the acceptance of electricity by
any of [the Sunmarts]” or “an agreement regarding the price charged or that the price
was usual, customary and reasonable.”
          “A defendant’s verified denial of the correctness of a plaintiff’s sworn account,
in the form required by Rule 185, destroys the evidentiary effect of the itemized
account and forces the plaintiff to put on proof of its claim.” Site Work Group, Inc.
v. Chem. Lime Ltd., 171 S.W.3d 512, 513 (Tex. App.—Waco 2005, no pet.) (citing
Rizk v. Fin. Guardian Ins. Agency, Inc., 584 S.W.2d 860, 862 (Tex. 1979)). 
However, even when a defendant verifies its sworn denial to a suit on a sworn
account, a plaintiff may properly obtain a summary judgment on its sworn account
claim by filing “legal and competent summary judgment evidence establishing the
validity of its claim as a matter of law.” PennWell Corp. v. Ken Assocs., Inc., 123
S.W.3d 756, 765 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (citing United
Bus. Machs. v. Entm’t Mktg., Inc., 792 S.W.2d 262, 264 (Tex. App.—Houston [1st
Dist.] 1990, no writ)). The elements of a cause of action on a sworn account are (1)
a sale and delivery of the goods; (2) that the amount of the account is just, that is, that
the prices are charged in accordance with an agreement or, in the absence of an
agreement, they are the usual customary and reasonable prices for those goods; and
(3) that the amount is unpaid. See Site Work Group, Inc., 171 S.W.3d at 513–14;
PennWell Corp., 123 S.W.3d at 766.
          Reliant primarily relies upon Mena’s affidavit in arguing that it established its
sworn account claim as a matter of law. In her affidavit, Mena testified that Reliant
provided the Sunmarts with electrical services and that the Sunmarts have outstanding
balances for these electrical services. Mena stated that the attached invoices
accurately set forth the services, dates, quantities, and prices and that the outstanding
amounts were calculated after applying “all just and lawful offsets and credits.” 
Mena testified that Reliant had performed all conditions precedent and was “entitled
to collect the indebtedness arising thereunder.” Mena also testified that the Sunmarts
“were in default under the terms” of their accounts. The attached account summaries
and invoices contained information reflecting the current and past balances, the
amount of electrical usage, and the applicable rates.
          However, as the Sunmarts emphasize, Mena did not provide any testimony that
the amounts charged and the outstanding account were just, i.e., that the actual prices
charged by Reliant for the electrical services were in accordance with an agreement
or, in the absence of an agreement, were the usual, customary, and reasonable prices
for those services. See PennWell Corp., 123 S.W.3d at 766 (reciting testimony that
rates charged were in accordance with rates previously charged and were usual,
customary, and reasonable); Livingston Ford Mercury, Inc. v. Haley, 997 S.W.2d 425,
430 (Tex. App.—Beaumont 1999, no pet.) (reciting testimony that “account is just
and true,” but reversing and remanding case for material fact issue presented by
conflicting summary judgment evidence). Texas courts that have reviewed and
affirmed the granting of a summary judgment on a sworn account claim have noted
that the movant in those cases provided clear, undisputed testimony as to the justness
of the outstanding accounts. See, e.g., Site Work Group, Inc., 171 S.W.3d at 514
(stating that affidavit provided evidence “that the sales prices of the materials were
reasonable, and the usual and customary prices for such materials”); United Bus.
Machs., 792 S.W.2d at 264 (“The reasonableness of the prices charged, and the fact
that appellant agreed to pay the prices charged, was proven by affidavit.”). Here,
Mena did not testify in her affidavit that the rates for the electrical services were
charged in accordance with an agreement or were usual, reasonable, or customary. 
          Addressing this point, Reliant, in its briefing, concedes that it did not present
in the summary judgment record an actual agreement, which could have conclusively
established the justness of the account. Instead, Reliant contends that there is at least
some evidence in the record that would sustain a finding by the trial court that the
parties had an ongoing business relationship and, thus, a further implied finding that
either the prices charged were usual, customary, and reasonable or there was some
sort of ongoing business agreement regarding the prices charged. Specifically,
Reliant states in its briefing that previous payments made by the Sunmarts “would
reflect that there was evidence before the trial [court] to sustain its finding that there
was an agreement related to the price of the electrical services charged.” 
          The invoices and summaries attached to Mena’s affidavit reflect that Sunmart
# 139 had paid Reliant for electrical services based upon terms and prices that, in
some cases, were very similar to, or even more favorable than, the terms and prices
applying to the outstanding amounts on which the Sunmarts defaulted. However,
other fluctuations in the terms of the invoices defeat Reliant’s claim that these
documents established, as a matter of law, the justness of the account, that there was
some sort of implicit agreement to pay all the charges, or that the prices were
reasonable, usual, or customary. In regard to Sunmart # 352, there is no evidence
showing that the Sunmarts ever made payments on this account.


 Additionally, one
of the invoices for this account also included charges for multiple-usage periods, and
Reliant does not provide any evidence or explanation that such charges were in
accordance with an agreement or were customary or usual.


 We conclude that Reliant
failed to conclusively establish that the amounts of the outstanding accounts were
just, and, thus, that Reliant failed to establish its sworn account claim as a matter of
law.


 
          In regard to Reliant’s quantum meruit claim, Reliant, in its briefing, repeats its
suggestion that the evidence before the trial court allowed the court to make certain
“reasonable inferences” as a basis for granting the summary judgment. If the trial
court had entered its final judgment following a brief bench trial, Reliant’s arguments
would be more relevant. However, to obtain a summary judgment on its quantum
meruit claim, Reliant was required to conclusively prove, as a matter of law, that (1)
valuable services were rendered or materials furnished; (2) for the person sought to
be charged; (3) which services and materials were accepted by the person sought to
be charged, used and enjoyed by him; (4) under such circumstances as reasonably
notified the person sought to be charged that the plaintiff in performing such services
was expecting to be paid by the person sought to be charged. Speck v. First
Evangelical Lutheran Church of Houston, 235 S.W.3d 811, 815 (Tex.
App.—Houston [1st Dist.] 2007, no pet.). The measure of damages for a quantum
meruit claim is the reasonable value of the work performed. Johnston v. Kruse, 261
S.W.3d 895, 902 (Tex. App.—Dallas 2008, no pet.) (setting forth affidavit testimony
regarding “reasonable pay” for services). 
          Reasonable value may be established through lay testimony. See id. However,
as noted above, Mena, in her affidavit, did not testify that the invoices and account
records presented by Reliant contain reasonable and customary charges for Reliant’s
electrical services. Rather, Mena simply stated that the invoices accurately reflected
Reliant’s charges and that all lawful credits were made. Mena did not provide
testimony establishing, as a matter of law, that Reliant may recover through its
quantum meruit claim the amounts set forth in the outstanding invoices.


 
          Accordingly, we hold that the trial court erred in granting summary judgment
in favor of Reliant on either its sworn account or quantum meruit claims. 
          We sustain the Sunmarts’ third issue.



Conclusion
          We reverse the judgment of the trial court and remand for further proceedings
consistent with our opinion.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Jennings, Higley, and Sharp.