**BAYLOR UNIVERSITY, Petitioner,**

v.

**Tom SONNICHSEN, Respondent.**

No. 04–0851.

Supreme Court of Texas.

April 20, 2007.

Stuart Smith and Roy L. Barrett, Naman, Howell, Smith & Lee, L.L.P., Waco, for Petitioner.

LaNelle L. McNamara, LaNelle L. McNamara, P.C., Waco, for Respondent.

PER CURIAM.

Baylor University hired Tom Sonnichsen as its women's volleyball coach in 1989. At that time, Baylor did not have written contracts with Sonnichsen or most of its coaches. At a May 29, 1995 meeting, Baylor administrators informed its coaching staff, including Sonnichsen, that Baylor planned to provide written contracts to the coaches. The subsequent employment dispute between Baylor and Sonnichsen is the subject of this case.

Sonnichsen pleads that in late May 1995, Baylor's general counsel announced that Baylor would enter into two-year written contracts with its head coaches and one-year written contracts with the assistant coaches beginning with the 1995–1996 fiscal year. The general counsel's office prepared a one-year written contract for Sonnichsen for the 1995–1996 year but never delivered the contract to Sonnichsen. On December 29, 1995, Baylor advised Sonnichsen by letter that he would not be given a contract for the 1996–1997 year, but that he would be paid in full through May 31, 1996.

Sonnichsen sued Baylor in December 1997 for breach of contract and fraud. He alleged that by terminating him in 1996, Baylor breached an oral promise to enter a two-year written employment contract with him for the years 1995–1997 and committed fraud by representing that it would issue a two-year written contract to him. Baylor filed a motion for summary judgment, claiming that the statute of frauds barred Sonnichsen's claims. Sonnichsen raised the counter-defense of promissory estoppel. The trial court granted summary judgment in favor of Baylor, and Sonnichsen appealed.

The court of appeals affirmed summary judgment on the breach of contract claim, holding that an alleged oral promise to enter a two-year contract is not enforceable under the statute of frauds. *Sonnichsen v. Baylor Univ.*, 47 S.W.3d 122, 126–27 (Tex.App.-Waco 2001, no pet.). The court rejected Sonnichsen's promissory estoppel counter-defense to the statute of frauds, holding that it can only apply if the two-year written contract was actually in existence at the time of the oral promise. *Id.* The court of appeals also held that the statute of frauds barred Sonnichsen's fraud claim for benefit-of-the-bargain damages, making the fraud claim simply an alternate way to seek the same breach of contract damages. *Id.* at 127. But, the court of appeals held that Baylor had not established that Sonnichsen's damages were limited to the benefits of his alleged contract. The court severed the fraud claim and remanded it to the trial court. *Id.*

On remand, Baylor again moved for summary judgment, this time asserting there was no evidence to support the remaining fraud claim because there was no evidence of damages other than benefit-of-the-bargain damages. *See* Tex.R. Civ. P. 166a(i). Sonnichsen filed a response and a second amended petition that added a claim for breach of the contract rights created by Baylor's representations and the terms of the 1995–1996 written contract, which Baylor fully executed but did not deliver. Baylor filed a special exception, contending that collateral estoppel, res judicata, and the doctrine of the law of the case barred the breach of contract claim in Sonnichsen's second amended petition. The trial court sustained Baylor's special exception and granted Baylor's motion for summary judgment.

On appeal, Sonnichsen argued that he presented sufficient evidence of his fraud claim and that the trial court abused its discretion by sustaining the special exception without giving him another opportunity to amend his pleadings. A divided court of appeals agreed and reversed both of the trial court's rulings. 2004 WL 1903418. Baylor petitioned this Court for review.

First, Baylor argues that the trial court did not abuse its discretion by granting Baylor's special exception and dismissing the contract claims without giving Sonnichsen an opportunity to amend because his pleading contains incurable defects. We agree.

■ The purpose of a special exception is to compel clarification of pleadings when the pleadings are not clear or sufficiently specific or fail to plead a cause of action. *Friesenhahn v. Ryan,* 960 S.W.2d 656, 658 (Tex.1998). Generally, when the trial court sustains special exceptions, it must give the pleader an opportunity to amend the pleading, unless the pleading defect is of a type that amendment cannot cure. *See id.* A trial court has broad discretion in ruling on special exceptions. *See, e.g., West Orange–Cove Consol. I.S.D. v. Alanis,* 107 S.W.3d 558, 583 (Tex.2003).

■ Contracts require mutual assent to be enforceable. *See T.O. Stanley Boot Co. v. Bank of El Paso,* 847 S.W.2d 218, 221 (Tex.1992). Evidence of mutual assent in written contracts generally consists of signatures of the parties and delivery with the intent to bind. *See Angelou v. African Overseas Union,* 33 S.W.3d 269, 278 (Tex. App.-Houston [14th Dist.] 2000, no pet.) (citing *Hallmark v. Hand,* 885 S.W.2d 471, 476 (Tex.App.-El Paso 1994, writ denied), for the proposition that one of the elements generally required to create an enforceable contract is "[e]xecution and delivery of the contract with an intent that it become mutual and binding on both parties"). Here, although Sonnichsen alleges that Baylor prepared and signed a draft of a contract to employ him for one year, he acknowledges that "Baylor never delivered the contract to [him]." Baylor agrees. Taking Sonnichsen's pleadings as true, he has established that there was no delivery of a contract signed by Baylor, and thus no mutual agreement. Without mutual assent, there was no binding written contract. Because Sonnichsen could not have corrected this problem by repleading, the trial court did not abuse its discretion by sustaining Baylor's special exceptions and dismissing this breach of contract claim.

■ In the first appeal of this case, Sonnichsen's pleadings contained descriptions of meetings and discussions with Baylor administrators that Sonnichsen contended led him to believe that he would receive a two-year contract to continue as the head volleyball coach. He claimed that these discussions, conduct, and representations formed the basis of his claim for breach of a two-year oral contract and promissory estoppel counter-defense. The court of appeals correctly held that the statute of frauds barred Sonnichsen's claim for breach of an oral promise to enter into a two-year written contract. *Sonnichsen,* 47 S.W.3d at 126–27. Sonnichsen's second amended petition contained no new oral representations or promises to Sonnichsen from Baylor to support his "new" breach of contract claim. Sonnichsen did add allegations that in 1989, the athletic director told him if he "ran a clean program" he "would be able to retire" at Baylor. The petition also referred to understandings between coaches and administrators about long-term employment security at Baylor. Sonnichsen alleged that other coaches eventually received one-year written contracts for 1995–1996, and then separate one-year contracts for 1996–1997. He explained that he never received one, although at his deposition he discovered that Baylor had prepared one. None of these additional allegations support the existence of an oral promise to enter into a one-year written contract. His allegations only include facts to support his previous claim that Baylor made an oral promise or representation that it would provide him with a two-year written contract. As the court of appeals held in the first appeal, a breach of contract claim based on an oral promise to enter a contract that is not performable in one year and is not in writing is barred by the statute of frauds. *See id.* at 126. Thus, the trial court did not abuse its discretion by sustaining Bay-

lor's special exceptions and dismissing the breach of contract claim in its entirety.

Sonnichsen also sued Baylor for fraud, alleging that he suffered damages as a result of Baylor administrators' false representations about Sonnichsen's continued employment. "At common law, actual damages are either 'direct' or 'consequential.'" *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 816 (Tex. 1997) (citing *Henry S. Miller Co. v. Bynum*, 836 S.W.2d 160, 163 (Tex.1992) (Phillips, C.J., concurring)); *see also* RESTATEMENT (SECOND) OF TORTS § 549 (1977) (outlining measure of damages for fraudulent misrepresentation). "Special damages," or consequential damages, are "those damages which result naturally, but not necessarily," from the defendant's wrongful acts. *Bynum*, 836 S.W.2d at 163 (Phillips, C.J., concurring). Direct damages compensate for the loss that is the necessary and usual result of the act. *Arthur Andersen*, 945 S.W.2d at 816 (citing *Southwind Aviation, Inc. v. Avendano*, 776 S.W.2d 734, 736 (Tex.App.Corpus Christi 1989, writ denied); *Anderson Dev. Corp. v. Coastal States Crude Gathering Co.*, 543 S.W.2d 402, 405 (Tex.Civ.App.-Houston [14th Dist.] 1976, writ ref'd n.r.e.)).

"Texas recognizes two measures of direct damages for common-law fraud:" out-of-pocket and benefit-of-the-bargain. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 49–50 (Tex.1998); *W.O. Bankston Nissan, Inc. v. Walters*, 754 S.W.2d 127, 128 (Tex.1988). Out-of-pocket damages, which derive from a restitutionary theory, measure the difference between the value of that which was parted with and the value of that which was received. *Formosa Plastics*, 960 S.W.2d at 49. Benefit-of-the-bargain damages, which derive from an expectancy theory, evaluate the difference between the value that was represented and the value actually received. *Id.* In *Haase v. Glazner*, we held that the statute of frauds bars a fraud claim for benefit-of-the-bargain damages when the claim arises from a contract that has been held to be unenforceable. 62 S.W.3d 795, 800 (Tex.2001). The statute of frauds does not bar the recovery of out-of-pocket damages for fraud. *Id.* Thus, if the measure of damages Sonnichsen seeks for fraud are the benefit-of-the-bargain damages he sought to recover for breach of contract, his fraud claim also fails. The viability of Sonnichsen's fraud claim depends upon the nature of the damages he seeks to recover. This analysis is consistent with our holdings that focus the legal treatment of claims on the true nature of disputes rather than allow artful pleading to morph contract claims into fraud causes of action to gain favorable redress under the law. *See, e.g., Haase*, 62 S.W.3d at 798–99; *Formosa Plastics*, 960 S.W.2d at 48; *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494–95 (Tex.1991).

Sonnichsen's alleged damages for both claims are: (1) the inability to obtain employment during the 1996–1997 season, (2) the lost opportunity to advance career and increase earning capacity, (3) the lost revenues from a 1996 summer volleyball camp at Baylor University, and (4) loss of tuition benefits by which he could have completed his master's degree at Baylor's expense.[1] Damages arising from the inability to obtain employment during the 1996–1997 season and the lost opportunity

---

1. Sonnichsen's brief to this Court and affidavit at the trial court reference "lost opportunity to capitalize on his Nike contract" as an item of special damages. But he failed to specifically plead these damages in the trial court as required by Texas Rule of Civil Procedure 56. Therefore, we do not address them.

to advance career and increase earning capacity are benefit-of-the bargain damages because they are premised on the assertion that Baylor is liable for not employing Sonnichsen during 1996–1997 as he expected and for not honoring an alleged contract. Sonnichsen's claim is not that he parted with or lost anything during his actual contract term, but that he did not benefit as he expected or would have if his employment by Baylor continued beyond 1995–1996. Similarly, the lost revenues from his 1996 Baylor summer volleyball camp and the loss of tuition benefits by which he could have completed his master's degree at Baylor's expense are also benefit-of-the bargain damages because Sonnichsen's possible entitlement to these benefits would have arisen only if Sonnichsen's employment at Baylor had continued. Because these benefit-of-the-bargain damages are the same damages Sonnichsen sought to recover under an unenforceable contract, his fraud claim fails. *See Nagle v. Nagle*, 633 S.W.2d 796, 801 (Tex.1982); *see also Formosa Plastics*, 960 S.W.2d at 46–47 (noting that except fraudulent inducement, contract duties and damages may not be pursued in common law tort). The trial court correctly granted summary judgment in favor of Baylor on Sonnichsen's fraud claims.

We hold that the trial court did not abuse its discretion by sustaining Baylor's special exception on Sonnichsen's breach of contract claims and the trial court correctly granted summary judgment in favor of Baylor on Sonnichsen's fraud claim. Therefore, without granting oral argument, we grant the petition for review, reverse the judgment of the court of appeals, and render judgment that Sonnichsen take nothing. TEX.R.APP. P. 59.1.