**Affirmed and Opinion Filed June 12, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01232-CV

**WILLIAM BOATMAN, Appellant**
**V.**
**CITY OF GARLAND, Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-02957-J**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Francis

William Boatman appeals the trial court's order granting the City of Garland's plea to the jurisdiction. In two issues, Boatman contends the trial court erred by (1) granting the plea because he "plead damages arising from the City's negligent use of personal property" and (2) dismissing his claims without allowing him to amend his petition. We affirm.

Boatman picked up a load of recycling carts from the City's Transfer Station. City employees loaded the carts into Boatman's semi-truck which he then drove to Houston. Upon arrival in Houston, Boatman opened the back of the truck, and the contents fell on him. Boatman sued the City, alleging the City's "agents, servants, and employees negligently failed to properly load the truck for transport." Specifically, he alleged the City failed to "give adequate care, in loading a truck for transportation" and failed to "properly load the truck to avoid and [sic] such

accidents from occurring." When the City filed a plea to the jurisdiction, Boatman amended his pleadings. The City filed an amended plea to the jurisdiction which the trial court granted. This appeal followed.

In his first issue, Boatman claims the trial court erred by granting the plea to the jurisdiction because the City employees took "tangible personal property" and improperly loaded it into his truck. He contends this constitutes "use" under the Texas Tort Claims Act, cites one case in support of his argument, and claims the City has therefore waived immunity.

A governmental unit in the state is liable for personal injury caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (West 2011); *Dallas Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 342 (Tex. 1998). Immunity is waived only when the "use" is by the governmental unit itself. *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 245–46 (Tex. 2004). "Use" in this context means to "put or bring into action or service; to employ for or apply to a given purpose." *Id*. at 246. "A governmental unit does not 'use' personal property merely by allowing someone else to use it and nothing more." *Id*.

In addition, the "use" provision requires that the personal injury be "caused" by a condition or use of tangible personal or real property. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2); *Bossley*, 968 S.W.2d at 341. The traditional proximate cause elements are cause in fact and foreseeability. *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992). "Cause in fact" means the act or omission was a substantial factor in bringing about the injury and, without it, harm would not have occurred. *Id*. "Foreseeability" means that the actor, as a person of ordinary intelligence, should have anticipated the dangers his or her negligent act created for others. *Id*. Causation under the statute includes an element of immediacy. *Bossley*, 968 S.W.2d

–2–

at 343 (use and condition of doors too attenuated from patient's death to be said to have caused it). Thus, injuries that occur too remote in time or geography will not satisfy the proximate cause requirement of the tort claims' use provision. *Tex. Dept. of Criminal Justice v. Hawkins*, 169 S.W.3d 529, 534 (Tex. App.—Dallas 2005, no pet.).

Here, Boatman alleged the City employees "used" the "property" when they loaded it into his semi-truck for transport and that he sustained injuries after driving to Houston and unloading his truck. Once the "property" was loaded in Boatman's truck and he drove to Houston, however, the City was no longer "using" the property as contemplated by the tort claims act. *See Cowan*, 128 S.W.3d at 245−46 ("section 101.021(2) waives immunity for a use of personal property only when the governmental unit is itself the user."). Moreover, Boatman alleged he was injured after driving his truck to Houston; thus, any injuries he sustained were "distant geographically, temporally, and causally" from the activity at the Transfer Station. *See Bossley*, 968 S.W.2d at 343 (patient's suicide by leaping in front of oncoming truck too attenuated from his escape from treatment facility by exiting unlocked doors). Under these circumstances, we cannot conclude the trial court erred by granting the City's plea to the jurisdiction. We overrule Boatman's first issue.

Under his second issue, Boatman alleged the trial court erred by dismissing his claims without first affording him the opportunity to amend his petition. We disagree.

When a plea to the jurisdiction challenges the pleadings, we determine whether the pleader alleged facts affirmatively demonstrating the court's jurisdiction to hear the cause. *See Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively

demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Miranda*, 133 S.W.3d at 226−27. If, however, the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id*. at 227.

Here, Boatman's pleadings negate the existence of jurisdiction. The facts do not support a use of the property by the City and Boatman's injuries are too attenuated to establish proximate causation. Remanding this case to allow Boatman to amend his petition would serve no legitimate purpose. *See Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007) (pleader must be given opportunity to amend in response to plea to the jurisdiction only if it is possible to cure pleading defect). We overrule his second issue.

We affirm the trial court's order granting the plea to the jurisdiction.


131232F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM BOATMAN, Appellant

No. 05-13-01232-CV          V.

CITY OF GARLAND, Appellee

On Appeal from the 191st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-02957-J.
Opinion delivered by Justice Francis,
Justices Bridges and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CITY OF GARLAND recover its costs of this appeal from appellant WILLIAM BOATMAN.

Judgment entered this 12th day of June, 2014.

/Molly Francis/

MOLLY FRANCIS
JUSTICE