**Opinion issued October 29, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-01089-CV

————————————

**PAUL E. ARCHIE, Appellant**

**V.**

**MELISSA GONZALES AND THE MENTAL HEALTH & MENTAL RETARDATION AUTHORITY OF HARRIS COUNTY, Appellees**

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-74085**

---

## MEMORANDUM OPINION

This is an appeal from the trial court's order dismissing claims due to uncured pleading defects. Paul Archie filed suit against Melissa Gonzales and her employer, The Mental Health & Mental Retardation Authority of Harris County (now known as The Harris Center for Mental Health and IDD) (collectively, "The Center"). The

Center filed special exceptions identifying various substantive defects in Archie's petition. The trial court sustained the special exceptions and ordered Archie to file an amended petition curing the defects. But Archie never filed an amended petition, and, as a result, the trial court dismissed Archie's claims without prejudice.

In three issues, Archie contends that the trial court abused its discretion in denying him the opportunity to file an amended petition, in refusing to rule on his motion for an extension of time to respond to the Center's special exceptions, and in refusing to rule on his motion for an extension of time to file an amended petition.

We affirm.

## Background

On October 12, 2016, Archie filed a pro se original petition against the Center, alleging that the Center negligently failed to treat his wife's mental illness, which led to the death of their unborn child. Archie asserted claims under the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE §§ 101.001–.109, and the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd.

On November 7, 2017, the Center filed special exceptions identifying a variety of substantive defects in Archie's petition. The Center set the special exceptions for hearing on a date not reflected in the record.

On November 27, 2017, Archie filed a motion for an extension of time to respond to the Center's special exceptions, requesting that the trial court extend his response deadline to January 5, 2018. Archie did not set the motion for submission.

Two days later, on November 29, 2017, the Center reset the hearing on its special exceptions to January 25, 2018. The Center then filed a response to Archie's motion for an extension of time to respond to the special exceptions. In its response, the Center stated that it had reset the hearing on its special exceptions and that Archie's request for an extension was therefore moot, as the new hearing date afforded Archie even more time to respond than he had requested.

On December 20, 2017, the trial court entered a docket control order, ordering that the parties file all amendments and supplements to pleadings by August 6, 2018.

On January 25, 2018, the trial court sustained the Center's special exceptions and ordered that Archie file an amended petition curing the defects within 30 days. The trial court warned Archie that failure to file an amended petition would result in the dismissal of his claims. However, Archie did not file an amended petition by the court-ordered, 30-day deadline of February 24, 2018.

On April 27, 2018, Archie notified the trial court that he intended to file an amended petition on or before the August 6, 2018 pleadings deadline set in the docket control order. Archie did not file an amended petition by the docket control order's pleadings deadline.

On August 7, 2018, Archie filed a motion seeking an extension of time to amend his petition. Archie did not set the motion for submission or otherwise take any action to obtain a ruling from the trial court.

On October 8, 2018, the Center filed a motion to dismiss Archie's claims, arguing that dismissal was proper because Archie had failed to file an amended petition curing the defects identified by the special exceptions. Archie did not respond to Center's motion to dismiss.

On October 24, 2018, Archie filed a second motion for extension of time to file an amended petition. As before, Archie did not set the motion for submission or otherwise take any action to obtain a ruling from the trial court.

On November 1, 2018, the trial court granted the Center's motion and dismissed Archie's claims without prejudice.

Archie appeals.

## Opportunity to Amend

In his first issue, Archie contends that the trial court abused its discretion in granting the Center's motion to dismiss without affording him the opportunity to amend his defective petition. *See Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007) ("Generally, when the trial court sustains special exceptions, it must give the pleader an opportunity to amend the pleading, unless the pleading defect is of a type that amendment cannot cure."). We disagree.

The trial court *did* afford Archie the opportunity to amend. When the trial court sustained the Center's special exceptions on January 25, 2018, it ordered that Archie file an amended petition curing the defects within 30 days, i.e., by February 24, 2018. This 30-day period afforded Archie the opportunity to amend. But Archie failed to avail himself of the opportunity. He did not file an amended petition by February 24, 2018. Nor did he file an amended petition after this date. This is significant because the trial court did not dismiss Archie's claims until November 1, 2018—over eight months after Archie's court-ordered deadline to amend.

We hold that the trial court gave Archie the opportunity to amend his defective petition. Accordingly, we overrule Archie's first issue.

**Motion for Extension of Time to Respond to Special Exceptions**

In his second issue, Archie contends that the trial court abused its discretion in refusing to rule on his motion for an extension of time to respond to the Center's special exceptions. We disagree for two reasons.

First, Archie never set the motion for submission, so he cannot fault the trial court for failing to rule on it. Second, and more importantly, after Archie filed his motion for extension, the Center reset the hearing on its special exceptions, thereby affording Archie additional time to file a response. In his motion, Archie requested that his deadline to respond be extended to January 5, 2018. But the Center then reset

the hearing to January 25, 2018. Thus, the reset hearing afforded Archie even more time than he had requested in his motion.

We overrule Archie's second issue.

## Motion for Extension of Time to Amend

In his third issue, Archie contends that the trial court abused its discretion in refusing to rule on his motion for an extension of time to file an amended petition. Again, we disagree.

First, as before, Archie never set his motion for submission. Second, Archie has failed to show good cause for granting an extension. When, as here, a movant seeks an extension of a filing deadline after the deadline has passed, the movant must show "good cause . . . for the failure to act." TEX. R. CIV. P. 5(b). Here, Archie argues there was "good cause" to grant the extension because a trial court must generally give a plaintiff an opportunity to amend a defective petition. *See Sonnichsen*, 221 S.W.3d at 635. Thus, Archie's argument does not explain why there was "good cause . . . for the failure to act," i.e., good cause for his failure to timely file an amended petition. And in any event, as already discussed, the trial court *did* afford Archie the opportunity to amend; he simply failed to do so.

We overrule Archie's third issue.

## Conclusion

We affirm the trial court's order.

6

Gordon Goodman
Justice

Panel consists of Justices Lloyd, Goodman, and Landau.