**Reversed and Remanded and Memorandum Opinion filed November 26, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00636-CV

---

### IGUANA JOE'S CROSBY, INC., Appellant

### V.

### MICAELA MARTINEZ, Appellee

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2023-00067**

---

### MEMORANDUM OPINION

Appellant Iguana Joe's Crosby, Inc. ("Iguana Joe's") appeals the trial court's order denying its motion to compel arbitration in the lawsuit filed by appellee Micaela Martinez ("Martinez"). In what we construe as one issue, Iguana Joe argues the trial court erred in denying its motion to arbitrate. We reverse the trial court's order and remand for further proceedings.

## I.    BACKGROUND

On January 3, 2023, Martinez filed suit against Iguana Joe's, her employer, for an injury she suffered when she slipped and fell at work. Iguana Joe's then filed a motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), alleging Martinez signed an agreement to arbitrate with Iguana Joe's on August 10, 2022.

Martinez filed a combined motion for a continuance and a response to Iguana Joe's motion to compel arbitration. Martinez argued there was no arbitration agreement between the parties because the agreement put forth by Iguana Joe's did not identify Iguana Joe's as part of the agreement and is unsigned by any representative of Iguana Joe's. Martinez further argued that the FAA was inapplicable because Iguana Joe's is not regularly engaged in interstate commerce and the arbitration agreement was unenforceable under the Texas Arbitration Act ("TAA") because the TAA requires that an agreement to arbitrate personal-injury claims be signed by both parties and their attorneys. Martinez field her response on August 10, 2023, one day after it was due.

On August 16, 2023, the trial court denied Iguana Joe's motion to compel arbitration. This interlocutory appeal followed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.016.

## II.    DISCUSSION

Iguana Joe's advances several arguments in support of its position that the trial court erred in denying its motion to compel arbitration.

### A.    STANDARD OF REVIEW

We review the denial of a motion to compel arbitration for an abuse of discretion and review questions of law de novo. *See Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). A trial court abuses its discretion if it acts in an

arbitrary or unreasonable manner or acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). We review de novo the trial court's determinations as to whether a valid arbitration agreement exists and whether an arbitration agreement is binding on a nonparty. *See Lennar Homes of Tex. Land & Constr., Ltd. v. Whiteley*, 672 S.W.3d 367, 376 (Tex. 2023); *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding).

The trial court erred in denying the motion to compel if the evidence before the trial court proved as a matter of law that (1) the Arbitration Agreement is a valid arbitration agreement, and (2) Martinez's claims against Iguana Joe's fall within the scope of the arbitration agreement. *See In re Poly-Am., L.P.*, 262 S.W.3d 337, 354 (Tex. 2008) (orig. proceeding).

## B.   APPLICABLE LAW

"Contracts require mutual assent to be enforceable." *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007) (per curiam). "Evidence of mutual assent in written contracts generally consists of signatures of the parties and delivery with the intent to bind." *Id.*

Neither the FAA nor Texas law requires that arbitration agreements or clauses be signed, so long as they are written and agreed to by the parties. *In re Polymerica, LLC*, 296 S.W.3d 74, 76 (Tex. 2009) (orig. proceeding) (per curiam). Unless the parties explicitly require that a party to an arbitration agreement sign the agreement to manifest the party's assent thereto, a party may manifest its assent to the arbitration agreement by its acts, conduct, or acquiescence in the terms of the agreement. *See Mid-Continent Cas. Co. v. Glob. Enercom Mgmt., Inc.*, 323 S.W.3d 151, 157 (Tex. 2010); *Hearthshire Braeswood Plaza L.P. v. Bill Kelly Co.*, 849 S.W.2d 380, 392 (Tex. App.—Houston [14th Dist.] 1993, writ denied). Signing the

agreement is not a condition precedent to its enforceability. *See Mid-Continent Cas. Co.*, 323 S.W.3d at 157; *Hearthshire Braeswood Plaza Ltd. P'ship*, 849 S.W.2d at 392.

In construing an arbitration agreement, our primary concern is to ascertain and give effect to the intentions of the parties as expressed in the contract. *Kelley-Coppedge, Inc. v. Highlands Ins.*, 980 S.W.2d 462, 464 (Tex. 1998); *Carter v. ZB, N.A.*, 578 S.W.3d 613, 618–19 (Tex. App.—Houston [14th Dist.] 2019, no pet.). When a written agreement is worded so that it can be given a certain or definite legal meaning or interpretation, it is unambiguous, and courts construe it as a matter of law. *Am. Mfrs. Mut. Ins. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003). We cannot rewrite an arbitration agreement or add to its language under the guise of interpretation. *See id.* at 162.

Absent an enforceable agreement to delegate disputes regarding one or more arbitrability issues to the arbitrator, a party seeking to compel arbitration under the FAA must establish that (1) a valid arbitration agreement exists and (2) the claims at issue are within the scope of the agreement. *Amazon.com Servs., LLC v. De La Victoria*, No. 14-23-00493-CV, __ S.W.3d __, __, 2024 WL 3941376, at *6 (Tex. App.—Houston [14th Dist.] Aug. 27, 2024, no pet. h.); *see In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011) (orig. proceeding); *J.M. Davidson v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). If these two showings are made, then the burden shifts to the party opposing arbitration to present a valid defense to the agreement, and absent evidence supporting such a defense, the trial court must compel arbitration. *J.M. Davidson, Inc.*, 128 S.W.3d at 227–28; *In re J.D. Edwards World Sols. Co.*, 87 S.W.3d 546, 549 (Tex. 2002) (orig. proceeding) (per curiam). Though there is a strong presumption under the FAA favoring arbitration, that presumption arises only after the party seeking to compel arbitration proves that a valid

arbitration agreement exists. *See J.M. Davidson, Inc.*, 128 S.W.3d at 227.

The TAA does not apply to a claim for personal injury unless "each party to the claim, on the advice of counsel, agrees to arbitrate" and both parties and their attorneys sign the agreement. Tex. Civ. Prac. Rem. Code Ann. § 171.002(a)(3), (c).

## C.   ANALYSIS

Martinez argued that there was no agreement to arbitrate because (1) Iguana Joe's was not identified in the agreement and did not sign the arbitration agreement at issue and (2) because the TAA requires that both parties and their attorneys sign the arbitration agreement for it to be valid as to personal-injury claims. *See id.* The arbitration agreement here is not signed by Iguana Joe's or any attorney.

### Absence of Iguana Joe's Signature

Martinez argued that there was no arbitration agreement between the parties because the agreement did not identify Iguana Joe's; however, the agreement did identify Iguana Joe's as Martinez's employer. The agreement stated "I agree to arbitrate and resolve any and all employment-related disputes between the company and myself. . . . **I UNDERSTAND THAT THIS IS A CONTRACT FOR EMPLOYMENT. YOUR EMPLOYMENT WITH IGUANA JOE'S MEXICAN RESTAURANT IS BASED UPON THE EMPLOYMENT AT WILL LAWS OF THE STATE OF TEXAS.**" Thus, we reject this argument.

Martinez also argued that there was no arbitration agreement because it was unsigned by Iguana Joe's representative. "Contracts require mutual assent to be enforceable." *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007) (per curiam). "Evidence of mutual assent in written contracts generally consists of signatures of the parties and delivery with the intent to bind." *Id.* Neither the FAA nor Texas law requires that arbitration agreements or clauses be signed, so long as

they are written and agreed to by the parties. *In re Polymerica, LLC*, 296 S.W.3d at 76. Unless the parties explicitly require that a party to an arbitration agreement sign the agreement to manifest the party's assent thereto, a party may manifest its assent to the arbitration agreement by its acts, conduct, or acquiescence in the terms of the agreement, and signing the agreement is not a condition precedent to its enforceability. *See Mid-Continent Cas. Co. v. Glob. Enercom Mgmt., Inc.*, 323 S.W.3d 151, 157 (Tex. 2010) (per curiam).

> The arbitration agreement advanced by Iguana Joe's states:
>
> I agree to arbitrate and resolve any and all employment-related disputes between the company and myself. I understand that the consideration for this and myself a forum in which claims or disputes may be resolved by arbitration than litigation.
>
> Any matter covered tinder this agreement shall be heard and decided under the provisions and authority of the Federal Arbitration Act, 9 U.S.C. & I applicable. For purposes of the Agreement, an employment related disputed includes, but is not limited to, . . . personal injury . . . .
>
> **YOUR EMPLOYMENT WITH IGUANA JOE'S MEXICAN RESTAURANT IS BASED UPON THE EMPLOYMENT AT WILL LAWS OF THE STATE OF TEXAS. THIS IS ONLY INTENDED TO LIST TERMS OF EMPLOYMENT WITH OUT** [sic] **COMPANY.**

The agreement is signed by Martinez and has no signature block for Iguana Joe's. Contrary to Martinez's argument, the arbitration agreement did not require Iguana Joe's signature as a condition precedent to enforceability, and it does identify Iguana Joe's.

Furthermore, the agreement expressly states that "**I UNDERSTAND THAT THIS AGREEMENT IS EFFECTIVE IMMEDIATELY** . . . ." Iguana Joe's could have assented to the agreement by employing Martinez, which it undisputedly did. *See id.* ("An unsigned agreement all the terms of which are

embodied in a writing, *unconditionally* assented to by both parties, is a written contract." (quoting *Simmons & Simmons Constr. Co. v. Rea*, 286 S.W.2d 415, 418 (Tex. 1956) (emphasis in original)); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 850 (Tex. 2009) (noting that mutual assent can be inferred from the circumstances); *In re Halliburton Co.*, 80 S.W.3d 566, 569 (Tex. 2002) (orig. proceeding) (holding arbitration clause was accepted by employee's continued employment); *United Concrete Pipe Corp. v. Spin-Line Co.*, 430 S.W.2d 360, 364 (Tex. 1968) ("[P]erformance of that act which the offeree was requested to promise to perform may constitute a valid acceptance."). Thus, we also reject this argument.

### TAA's Signature Requirement for Personal Injury Claims

Martinez also argued there was no agreement to arbitrate because the TAA requires that both parties and their attorneys sign an arbitration agreement as to personal-injury claims in order for the agreement to be valid.

However, the FAA preempts the TAA provision requiring both parties to sign an agreement to arbitrate a personal injury claim because such a provision is inconsistent with the FAA. *See In re Olshan Foundation Repair Co.*, 328 S.W.3d 883, 890 (Tex. 2010) (stating that the FAA preempts the provisions of § 171.002 that would otherwise render an arbitration agreement unenforceable); *Forged Components, Inc. v. Guzman*, 409 S.W.3d 91, 98 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("[T]he FAA preempts inconsistent state law—including the TAA provision that requires parties to sign an arbitration agreement . . . ."); *see, e.g., APC Home Health Servs., Inc. v. Martinez*, 600 S.W.3d 381, 391 (Tex. App.—El Paso 2019, no pet.) (concluding that the TAA's signature requirement for personal injury claims was inapplicable because the FAA preempted the TAA when they are in conflict); *ReadyOne Indus., Inc. v. Lopez*, 551 S.W.3d 305, 316 (Tex.

App.—El Paso 2018, pet. denied) (same); *see also In re Advance PCS Health, L.P.*, 172 S.W.3d 603, 606 n.5 (Tex. 2005) (orig. proceeding) (per curiam) ("[T]he FAA preempts state contractual requirements that apply only to arbitration clauses."). Here, the arbitration agreement expressly provides that it shall be governed by the FAA, and thus it is enforceable as to Martinez's personal injury claim despite the absence of the signatures of Iguana Joe's and the parties' attorneys.

Martinez also argued at the trial court that the FAA does not apply because the agreement does not involve or affect interstate commerce. The FAA applies to all suits in state or federal court when the dispute concerns "a contract evidencing a transaction involving commerce." *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269–70 (Tex. 1992) (orig. proceeding); *see* 9 U.S.C. § 2. "Commerce" has been broadly defined and encompasses contracts relating to interstate commerce. *See Royce Homes, L.P. v. Bates*, 315 S.W.3d 77, 85 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("It requires only that interstate commerce be involved or affected."). Contrary to Martinez's argument, when, as in this case, the arbitration agreement expressly provides that it shall be governed by the FAA, a party seeking to compel arbitration under the arbitration agreement is not required to establish that the agreement or transaction at issue involves or affects interstate commerce. *See Amazon.com Servs., LLC*, 2024 WL 3941376, at *6, __ S.W.3d at __; *In re ReadyOne Indus., Inc.*, 294 S.W.3d 764, 769 (Tex. App.—El Paso 2009, orig. proceeding) ("[I]f the parties expressly choose for their arbitration agreement to be governed by the FAA, the agreement should be enforced regardless of the parties' nexus to interstate commerce."); *In re Kellogg Brown & Root*, 80 S.W.3d 611, 617 (Tex. App.—Houston [1st Dist.] 2002, orig. proceeding) ("We hold that when, as here, the parties agree to arbitrate under the FAA, they are not required to

establish that the transaction at issue involves or affects interstate commerce."). Thus, we reject this argument.

We conclude that Iguana Joe's has established that a valid arbitration agreement exists and that Martinez's claims fall within the arbitration agreement. We further conclude that Martinez failed to carry her burden to present a valid defense to the agreement. *See J.M. Davidson, Inc.*, 128 S.W.3d at 227–28. Therefore, we conclude that the trial court erred when it denied Iguana Joe's motion to compel arbitration and sustain Iguana Joe's issue on appeal. *See id.*

### III. CONCLUSION

We reverse the trial court's order and remand for further proceedings consistent with this opinion.

/s/    Margaret "Meg" Poissant
Justice

Panel consists of Justices Jewell, Bourliot, and Poissant.