In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00366-CV

_____

WILLIAM EDWARDS AND LYNDA EDWARDS, Appellants

V.

ENTERGY TEXAS, INC., Appellee

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 23-07-10538-CV**

**MEMORANDUM OPINION**

Appellants William Edwards and Lynda Edwards complain the trial court erred by granting summary judgment for Appellee Entergy Texas, Inc. and ordering that they take nothing on their claim for breach of contract. In their sole issue, the Edwardses argue the parties' Agreed Motion for Entry of Final Judgment and attached Final Judgment and Agreed Permanent Injunction (the Proposed Judgment) filed in a prior lawsuit is an enforceable Rule 11 agreement despite Entergy's non-suiting its underlying claims before the trial court could rule on the unresolved issues

in the Proposed Judgment. Because the Proposed Judgment the Edwardses submitted to the trial court was not the version of the document Entergy approved, the Proposed Judgment is not an enforceable Rule 11 agreement. We conclude the trial court did not err by granting summary judgment in Entergy's favor and affirm the trial court's judgment.

## BACKGROUND

### *Entergy's Prior Lawsuit*

The Edwardses' property is burdened by a utility easement that permits Entergy to trim or cut down trees that endanger power lines running along the easement. Entergy filed suit against William Edwards and sought a restraining order for William's alleged interference in Entergy's use of the easement. The trial court ordered mediation and signed an order stating the parties needed to define the code of conduct for Entergy's service visits to the property and that the trial court would resolve any post-mediation disagreements. After mediation, the Edwardses submitted the Proposed Judgment to the trial court.

The Proposed Judgment is a redlined document that includes the parties' comments concerning their unresolved issues to help the trial court rule on those issues. The record shows Entergy approved "the last iteration" of the Proposed Judgment and agreed that the Edwardses' counsel could sign and submit "the last iteration" on Entergy's behalf. Although the Agreed Motion for Entry of Final

2

Judgment states that the "last proposed iteration" was attached for the trial court's consideration, the record shows the Proposed Judgment is not the "last iteration" as it includes additional changes made by the Edwardses' counsel.

After the Edwardses submitted the Proposed Judgment, Entergy filed a brief with the trial court explaining its position on the unresolved issues and requesting that the trial court adopt its proposed language concerning the unresolved issues. Entergy complained that some of the restrictions the Edwardses included in the Proposed Judgment exceeded the trial court's instructions which intended for the parties to reach an agreement governing how the parties would interact when Entergy used the easement. According to Entergy, the Edwardses' position significantly curtailed its easement rights. The Edwardses filed a response to Entergy's brief and asked the trial court to review the comments in the Proposed Judgment in ruling on the unresolved issues. Before the trial court was set to consider the Proposed Judgment, Entergy non-suited its lawsuit against William.

*The Edwardses' Current Lawsuit*

The Edwardses filed a breach of contract claim against Entergy seeking specific performance of their agreement to submit the Proposed Judgment for the trial court to rule on the parties' unresolved issues concerning Entergy's use of the easement. The Edwardses alleged the Proposed Judgment qualifies as a Rule 11 agreement because it is in writing, signed by the parties' counsel who had authority

3

to do so, and filed with the trial court. The Edwardses complained that Entergy breached its agreement to submit their unresolved issues to the trial court by non-suiting its claims.

The Edwardses and Entergy filed competing motions for summary judgment. The Edwardses argued the Proposed Judgment is a Rule 11 agreement and a binding contract that is enforceable through specific performance. Entergy argued the Edwardses' breach of contract claim fails as a matter of law because the Proposed Judgment is not an enforceable Rule 11 agreement because it is not "the last proposed iteration" Entergy approved but an altered version that the Edwardses submitted without its knowledge.

The Edwardses filed a response to Entergy's motion for summary judgment and argued that the comments and revisions they added immediately before submitting the Proposed Judgment to the trial court did not alter the body of the document or the parties' agreement to submit unresolved issues to the trial court. The Edwardses argued that two days after they submitted the Proposed Judgment, Entergy filed a brief with the trial court explaining its position on the unresolved issues and that the brief served the same function as their additional comments. Entergy also filed a response, arguing there is no Rule 11 agreement because both parties did not accept, sign, and file the Proposed Judgment that the Edwardses altered without its knowledge or approval. Entergy argued that the comments the

4

Edwardses added were substantive and pertain to the unresolved issues the trial court was to resolve.

The trial court granted summary judgment in Entergy's favor without specifying the basis for its ruling. The trial court denied the Edwardses' competing motion and ordered that the Edwardses take nothing on their claims against Entergy.

## ANALYSIS

The Edwardses complain the trial court should have granted summary judgment in their favor because Entergy repudiated their agreement to submit the Proposed Judgment to the trial court by non-suiting its claims against William to prevent the trial court from entering judgment on the unresolved issues. The Edwardses argue the Proposed Judgment is an enforceable Rule 11 agreement and that Entergy did not present a valid basis for the trial court to find the agreement was unenforceable.

The Edwardses maintain that Entergy judicially admitted in its motion for summary judgment that it approved filing the Proposed Judgment based on the Edwardses' representation that it would include the "last iteration" of the Proposed Judgment as finally edited by Entergy. The Edwardses argue they submitted the "last iteration" of the Proposed Judgment, which was not substantively changed because they did not alter the body of the Proposed Judgment and only added comments in the margins. The Edwardses maintain that since the parties agreed to have the trial

5

court review the body of the Proposed Judgment to rule on the unresolved issues, the comments they added in the margins are immaterial and have no bearing on the Proposed Judgment's enforceability. According to the Edwardses, they had no agreement which prevented the parties from adding comments for the trial court's consideration, and even if there had been, Entergy waived its complaint and ratified the Proposed Judgment by submitting supplemental briefing.

Entergy argues there was no Rule 11 agreement because the parties never agreed on the version of the Proposed Judgment that would be submitted to the trial court. Entergy contends that the Edwardses rejected the "last iteration" of the Proposed Judgment Entergy agreed to, edited the agreed version without Entergy's knowledge or approval, electronically signed on Entergy's behalf, and filed it with the trial court. Entergy argues there was no agreement in writing because the Proposed Judgment lacks an essential term of a contract–a meeting of the minds about what version of the Proposed Judgment would be submitted to the trial court.

We review an order granting summary judgment de novo. *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). In our de novo review, we review the evidence presented in the motion and the response in the light most favorable to the nonmovant, crediting favorable evidence to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844,

6

848 (Tex. 2009); *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). The party moving for a traditional motion for summary judgment bears the burden of showing no genuine issue of material fact exists and that he is entitled to judgment as a matter of law on the issues set out in the motion. Tex. R. Civ. P. 166a(c); *Nassar*, 508 S.W.3d at 257. A matter is conclusively established if ordinary minds could not differ as to the conclusion derived from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply Inc.*, 644 S.W.2d 443, 446 (Tex. 1982). When, as is the case here, both sides move for summary judgment and the trial court grants one and denies the other, we review the summary-judgment evidence presented by both sides and determine all of the questions presented. *Fielding*, 289 S.W.3d at 848.

"A settlement agreement must comply with Rule 11 to be enforceable." *See Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995). However, a court cannot render a valid agreed judgment absent consent at the time it is rendered. *Id.* at 461. Generally, that means the agreement between the attorneys or parties must be "in writing, signed and filed with the papers as part of the record[.]" Tex. R. Civ. P. 11. The signature requirement safeguards against disputes over whether the parties mutually consented to the written agreement. *See Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007). Here, there is nothing in the record showing Entergy signed or otherwise assented to the Proposed Judgment the Edwardses submitted to the trial court or that Entergy's counsel authorized the Edwardses' counsel to sign

7

the Proposed Judgment on its behalf. Instead, the record shows Entergy's counsel authorized the Edwardses' counsel to electronically sign and submit the "last iteration" of the Proposed Judgment on Entergy's behalf. Because the record shows the Proposed Judgment is not the "last iteration" Entergy authorized the Edwardses' counsel to electronically sign on its behalf, the Edwardses' counsel did not have authority to sign the Proposed Judgment on Entergy's behalf. *See* Tex. R. Civ. P. 11. In addition, any prior consent was withdrawn before the presentation for the trial court's signature as evidenced by Entergy's nonsuit. *See Padilla*, 907 S.W.2d at 461-62.

We conclude the Proposed Judgment is not an enforceable Rule 11 agreement because it was not signed by Entergy. We overrule the Edwardses' sole issue and affirm the trial court's judgment.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on July 8, 2025
Opinion Delivered September 25, 2025

Before Golemon, C.J., Johnson and Wright, JJ.

8