

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00820-CV

Rosie **MARTINEZ**,
Appellant

v.

Paul **TAUSCH** and Stephanie Tausch,
Appellees

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2024CI25149
Honorable John D. Gabriel Jr., Judge Presiding

Opinion by:    Velia J. Meza, Justice

Sitting:       Rebeca C. Martinez, Chief Justice
             H. Todd McCray, Justice
             Velia J. Meza, Justice

Delivered and Filed: April 1, 2026

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

Rosie Martinez appeals from a take-nothing summary judgment on her fraud, breach of fiduciary duty, tortious interference with contract, and civil conspiracy claims. The controlling issue is whether there is legally sufficient evidence of damages. We conclude there is some evidence as to two of the tort claims—tortious interference with contract and civil conspiracy— and thus reverse and remand as to those claims. Because there is no evidence of damages as to the remaining claims, the judgment is otherwise affirmed.

## BACKGROUND[1]

Rosie Martinez and Gloria Perez are sisters. They, along with six other siblings, inherited adjoining plots of land from their late father. In 1980, Perez drilled a water well on her property. In 1998, Perez approached Martinez about buying mobile homes to place on their respective plots and they reached a written agreement regarding shared use of Perez's well.

Sometime in the mid-2000s, Martinez discovered the well had collapsed. The sisters pooled resources to repair it and they reached a verbal agreement regarding maintenance of the well.

Over the years, the sisters shared responsibility for maintaining the well. When it was damaged during Winter Storm Uri in 2021, the sisters met several times to discuss repairs. Perez's daughter, Stephanie Tausch, and her son-in-law, Paul Tausch, participated in these discussions. During the negotiations, Perez and the Tausches proposed that Martinez sign a lease agreement to continue using the well. Martinez, "flabbergasted" at the proposed lease terms, refused to sign and declared that she was "getting off" the well.

Martinez filed suit against Perez and the Tausches, alleging breach of contract, conspiracy, and various fraud claims. The Tausches filed a motion for partial summary judgment on damages and the reliance element of fraud. The trial court granted the motion and rendered a take-nothing judgment on Martinez's claims against the Tausches. The trial court then signed an order severing the claims against Perez into a separate suit, rendering the partial summary judgment final. This appeal followed.

## DISCUSSION

Martinez argues summary judgment was improper because she raised a fact issue as to the elements challenged by the Tausches. We agree in part.

---

[1] Due to the summary judgment posture, we recite the facts in the light most favorable to the nonmovant—Rosie Martinez. *See Lozada v. Posada*, 718 S.W.3d 262, 265 (Tex. 2025) (per curiam) (doing the same).

## 1    Standard of Review

We review motions for summary judgment de novo. *Fossil Grp., Inc. v. Harris*, 691 S.W.3d 874, 882 (Tex. 2024). There are two types of summary judgment in Texas: traditional and no evidence. *See* TEX. R. CIV. P. 166a. In reviewing either type of motion, we view the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). In a combined or "hybrid" motion, we typically review the no-evidence grounds first before turning, if necessary, to the traditional grounds. *Id.*

A traditional motion requires the moving party to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). To prevail on a defensive motion, the movant must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense. *KCM Fin. LLC v. Bradshaw,* 457 S.W.3d 70, 79 (Tex. 2015). Once a movant initially establishes a right to summary judgment on the issues expressly presented in the motion, the burden shifts to the nonmovant to raise a fact issue precluding summary judgment. *Id.*

In contrast, a no-evidence motion allows a movant to move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense for which the nonmovant has the burden of proof at trial. TEX. R. CIV. P. 166a(i). The nonmovant must then produce more than a scintilla of evidence to raise a fact issue as to each challenged element. *Lozada v. Posada*, 718 S.W.3d 262, 266 (Tex. 2025) (per curiam). "Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact."

*King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quotation marks omitted). "More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id*. (quotation marks omitted). This legal sufficiency review is identical to what we apply in reviewing a directed verdict. *Id*. at 750–51.

## 2    Summary Judgment Analysis

Martinez and the Tausches agree on the origins of the dispute: the mutual agreement regarding Martinez's use of the water well on Perez's property. While the enforceability of this well-use agreement—and the issue of who breached first—are hotly contested, the Tausches' motion for summary judgment challenged only (1) the damages element of each cause of action asserted by Martinez (no-evidence and traditional), and (2) the reliance element of fraud (no-evidence only).

### 2.1    Damages are a necessary element of each tort alleged.

We begin with the damages issue because it is dispositive. Martinez alleged five causes of action against the Tausches: common-law fraud, statutory fraud, breach of fiduciary duty, tortious interference with contract, and conspiracy.

An essential element of each of these torts is proof of damages. *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015) (common-law fraud); *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 963 (Tex. App.—Dallas 2013, no pet.) (statutory fraud); *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220, 222 (Tex. 2017) (breach of fiduciary duty and civil conspiracy);[2] *Holloway v. Skinner*, 898 S.W.2d 793, 795–96 (Tex. 1995) (tortious

---

[2] When damages are not shown with respect to a breach of fiduciary duty claim, equitable relief may still be available. *Parker*, 514 S.W.3d at 220. Martinez's live pleadings allege only "actual damages" in relation to her breach of

interference with contract). Nominal damages are not authorized for any of these torts under Texas law. *See, e.g., Ctr. Equities, Inc. v. Tingley*, 106 S.W.3d 143, 154 (Tex. App.—Austin 2003, no pet.) (observing that nominal damages are available for breach of contract, but not a tortious interference claim under Texas law).

Civil conspiracy, on the other hand, is not an independent tort; rather it is a theory of vicarious liability and "survives or falls alongside" the underlying tort. *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 140–41 (Tex. 2019). Thus, Martinez may rely on damages resulting from a tort committed by any co-conspirator.

Under the no-evidence summary judgment standard, we examine the nonmovant's summary judgment proof to determine whether it is legally sufficient evidence of the *fact* of damages, not the *amount* of damages. *See Int'l Bus. Machs. Corp. v. Lufkin Indus., LLC*, 573 S.W.3d 224, 236 (Tex. 2019) (holding evidence legally sufficient where there was evidence of "*some* damages" yet factually insufficient due to uncertainty about the amount). To carry her burden, Martinez need only produce a scintilla of evidence as to the damages suffered with respect to each claim. *King Ranch, Inc.*, 118 S.W.3d at 751; *Jefferson v. Parra*, 651 S.W.3d 643, 652 (Tex. App.—Houston [14th Dist.] 2022, no pet.).

## 2.2    Actual damages require proof of some injury.

Martinez alleged that Perez falsely represented that Martinez would continue to have the right to use the water well if she made valuable improvements. As against the Tausches, she alleged they made false representations and interfered with her contractual relationship by stating the well-

---

fiduciary duty claims. Nowhere in her pleadings does she specifically request equitable relief, and she does not argue otherwise on appeal. Accordingly, as pled by Martinez, her breach of fiduciary duty claims required proof of actual damages.

use agreement was invalid, drafting a lease, and advising Martinez to sign it. Additionally, she alleged that Stephanie Tausch is liable as an agent of Perez. As evidence, Martinez attached her own deposition, Perez's deposition, Paul Tausch's deposition, her affidavit concerning the signature page of the written well-use agreement, and an affidavit concerning attorney's fees.

Actual damages (also called compensatory damages)[3] may be either "direct" or "consequential." *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 636 (Tex. 2007) (per curiam) (citing *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 816 (Tex. 1997)). Direct damages compensate for any loss that is a necessary and usual result of the wrongful act. *Id*. (citing *Arthur Andersen*, 945 S.W.2d at 816). Consequential damages (also called special damages) are "damages which result naturally, but not necessarily" from the wrongful act. *Id*. (citation modified). Consequential damages must be specially pleaded. TEX. R. CIV. P. 56.

For fraud, Texas law recognizes two measures of direct damages: "the out-of-pocket measure and the benefit-of-the bargain measure." *Zorrilla*, 469 S.W.3d at 153 (citation modified). Out-of-pocket damages are the simple "pocketbook injury"—the difference between the value actually paid and the value received, allowing a plaintiff to recover based on the actual injury suffered. *Id*. Benefit-of-the-bargain damages, however, are measured by the difference between the value as (fraudulently) represented and the value received, allowing a plaintiff to recover profits that would have been made had the bargain been performed as promised. *Id*. For breach of fiduciary duty, a plaintiff may recover for economic injuries proximately caused by the breach, which may include out-of-pocket damages, benefit-of-the-bargain damages, lost profits, or lost

---

[3] Another recognized category is "nominal" damages which are generally assessed at $1 and are available only where the law allows recovery under a cause of action without the necessity of proving actual damages, e.g., in the context of a trespass claim or defamation per se. *Gulf States Utilities Co. v. Low*, 79 S.W.3d 561, 567 (Tex. 2002); cf. [trespass case], *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015) (defamation per se).

business value. *Kay v. Yosowitz*, No. 14-23-00710-CV, 2025 WL 2934047, at \*7 (Tex. App.—Houston [14th Dist.] Oct. 16, 2025, no pet.) (op. on reh'g).

The damages authorized for tortious interference with contract are essentially the same as a breach of contract claim, except that nominal damages are not available for tortious interference. *Am. Nat. Petroleum Co. v. Transcon. Gas Pipe Line Corp.*, 798 S.W.2d 274, 278 (Tex. 1990); *Tingley*, 106 S.W.3d at 154. Thus, a plaintiff may recover out-of-pocket damages, benefit-of-the-bargain damages, and reliance damages. *AKIB Constr. Inc. v. Shipwash*, 582 S.W.3d 791, 808 (Tex. App.—Houston [1st Dist.] 2019, no pet.). Reliance damages reimburse the plaintiff for expenditures made toward the execution of a contract to restore the status quo before the contract. *Id.* (citation omitted).

In her summary judgment response, Martinez pointed to her deposition testimony that (1) she made valuable improvements and paid for repairs and other costs relating to the well, (2) it would cost $33,000 to build a new well and that she has spent time applying for a permit, and (3) her property is worth nothing without access to water so she must incur costs to tie into an alternative water source.

Martinez's first category of damages could only plausibly result from reliance on the well-use agreement—not any misrepresentation by the Tausches in their discussions following Winter Storm Uri. Thus, this evidence relates only to the tortious interference claims against the Tausches—not the fraud or fiduciary duty claims. *See Sonnichsen*, 221 S.W.3d at 636 (to be recoverable, damages must result from the wrongful act complained of).

The second and third categories relate to the tortious interference as well as fraud theories, however, they are "too remote, too uncertain, or purely conjectural" to be recovered as damages. *See Arthur Andersen*, 945 S.W.2d at 816. Martinez does not identify how she has been injured due

to her pursuit of a new well, nor how that injury relates to the Tausches' allegedly wrongful acts. To know whether she has been injured or not with this type of evidence, we need to know something about the difference between the costs associated with Martinez's expectation (her continuing use of the shared well) and costs associated with the actual result (finding an alternative water source). *See Zorrilla*, 469 S.W.3d at 153 (describing out-of-pocket and benefit-of-the-bargain damages). Critically, Martinez testified in her deposition that she: has no intention of actually building a well on her property, was never actually cut off from Perez's well, would be willing to continue sharing costs with Perez as long as she is using the well, and has the ability to hook into her brother's well at no cost. While Martinez argues that she would eventually need to pay her brother, she also testified that she has no intention of tapping into his well. And when directly asked whether she had incurred any costs or expenses after the Tausches told her she had no valid legal interest in the well, Martinez testified that she had suffered no harm and was simply "upset."

Based on the second and third categories of evidence, we cannot determine whether Martinez is worse off than if the alleged torts had not occurred. Consequently, her summary judgment evidence regarding the costs of finding an alternative water source is too speculative to raise a fact issue as to damages. *Arthur Andersen*, 945 S.W.2d at 816; *see also Jones v. Coppinger*, 642 S.W.3d 51, 62 (Tex. App.—El Paso 2021, no pet.) (holding that plaintiff failed to produce evidence of damages in fraud suit against real estate agent).

Nonetheless, the first category of evidence—that Martinez made improvements, repairs, and paid for the upkeep of the well while the well-use agreement was in effect—are reliance damages properly recoverable through her tortious interference with contract claim. *Shipwash*, 582 S.W.3d at 808 (recognizing reimbursement damages for contract injury). We therefore conclude

there is a fact issue precluding summary judgment as to the tortious interference and conspiracy claims. *See Agar*, 580 S.W.3d at 140–41 (civil conspiracy "survives or falls" alongside an underlying tort). Because there is no evidence of damages as to her other claims, Martinez has otherwise failed to meet her no-evidence summary judgment burden. *See King Ranch*, 118 S.W.3d at 750–51.

*         *         *

The trial court properly granted summary judgment as to the fraud and breach of fiduciary duty claims against the Tausches. We thus affirm that portion of the judgment.[4] Because Martinez raised a fact issue as to the damages elements of her tortious interference with contract and conspiracy claims, we reverse that portion of the judgment and remand for further proceedings consistent with this opinion.

Velia J. Meza, Justice

---

[4] Because we conclude that Martinez produced no evidence of damages as to her fraud claims, it is unnecessary to review her appellate challenge to the reliance elements of those claims. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").